AMERICUS, PRESTON & LUMPKIN RAILROAD CO. *v.* LUCKIE.

Upon the trial of a suit against a railroad company for personal injuries to the plaintiff, it was error to charge as follows: "If, by the exercise of ordinary care and diligence, the plaintiff could have avoided the consequences to herself of the defendant's negligence, she cannot recover; but if both parties were at fault, and the alleged injury was the result of the fault of both, then, notwithstanding the plaintiff's negligence, she would be entitled to recover, but the amount of the recovery would be abated in proportion to the amount of the default on her part." The error consisted in stating in immediate connection with each other, and without proper explanation, two distinct rules of law, and thus qualifying the former by the latter, which is not the purpose of the statute.

March 16, 1891. Argued at the last term.

Railroads. Negligence. Charge of court. Before Judge FORT. Dooly superior court. March term, 1890.

Reported in the decision.

B. P. HOLLIS and BUSBEE & CRUM, for plaintiff in error.

C. C. DUNCAN and HARDEMAN & DAVIS, *contra.*

LUMPKIN, Justice.

Section 2972 of the code, relating to actions for personal injuries, declares, in substance, that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he cannot recover. This section sets forth one of the defences which railroad companies are permitted to make

to such actions.   It further provides: "But in other cases· the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." The "other cases" referred to are manifestly those in which the plaintiff could not by ordinary care have avoided the consequences of defendant's negligence. In cases of that kind, both parties being at fault, the damages are apportioned.   This also is undoubtedly the meaning of the latter sentence of section 3034 of the code, which reads as follows: "If· the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to him."    This sentence relates to the same kind of "other cases" which are referred to in section 2972; that is, cases in which it appears that the plaintiff could not, by exercising ordinary care, have avoided the injury to himself caused by defendant's negligence. It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence.   The law also clearly contemplates cases in which, while the plaintiff is to some extent negligent, he nevertheless could not, by using ordinary care, have avoided an injury resulting from defendant's negligence.   Of course, there can be no recovery when the defendant is entirely free from negligence and uses all proper care to prevent injury.   The law of contributory negligence is applicable only where both parties are at fault, and when, also, the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced.   The charge given by the judge· below, in effect, makes the

defendant liable if the jury should find both parties negligent, notwithstanding they might have believed that if the plaintiff had exercised ordinary care she would not have been hurt. He correctly charged the law set forth in section 2972, but improperly qualified it by charging the law contained in the latter half of section 3034, without making the proper explanation as to the class of cases to which this latter charge is applicable. If he had said: "But if both parties were at fault, and the alleged injury was the result of the fault of both, *and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendant's negligence*, then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be apportioned," etc., the charge would have been correct, because it would have fully met all the requirements of the sections referred to. The court's attention was called to the propriety of qualifying his instructions to the jury by using such words as we have above italicized, and a request to this effect was made and refused. This request was not in writing, and the court was not, therefore, bound to give it as a request, but as so doing would have relieved the charge given of the error therein, and without such addition the charge does not fully and accurately present the law, we are constrained to grant a new trial.

*Judgment reversed.*