## MACON, DUBLIN & SAVANNAH RAILROAD COMPANY *v.* MOORE *et ux.*

*Simmons, C. J.*—1. On the trial of an action for personal injuries alleged to be permanent, the mortality tables are not proper evidence and instructions as to their use are inappropriate unless there be some evidence as to the value of the plaintiff's services or capacity to earn money. In the present case there was sufficient proof as to the plaintiff's age and as to the nature of her services to render the tables admissible, but there was no proof as to value.

2. The present value of prospective earnings through a series of years cannot properly be arrived at by ascertaining the entire amount and deducting seven per cent. from the whole. See *Florida Central and Peninsular R. Co.* v. *Burney,* 98 *Ga.* 1.

3. The law embraced in section 2972 and the latter part of section 3034 of the code should not be given in immediate connection with each other without making the proper explanation as to the class of cases to which the latter section is applicable. *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6.

99 229
s108 86

99 229
f118 273
99 229
120 1008
99 229
f122 95
d123 32

4. The following charge stated the law too strongly against the defendant company: "A carrier is liable for injuries to passengers in the cars, caused by a sudden jolting of the cars in starting or coming to a stop, and a railroad company is not relieved from liability by reason of its failure to equip its train intended for passengers with all the appliances which extraordinary diligence would require on trains adapted for transporting passengers."

5. The objections to some of the interrogatories complained of as leading or otherwise illegal were well taken, but there was no error in overruling any of the objections which would be of sufficient materiality to require a new trial.

July 13, 1896. By two Justices.                    *Judgment reversed.*

Action for damages. Before Judge Smith. Twiggs superior court. April term, 1895.

Mrs. Moore and her husband brought suit against the railroad company for damages claimed to have resulted from personal injuries she sustained from the negligence of defendant's servants in the management of a train upon which she was a passenger. They alleged that in August, 1893, after having purchased a ticket at a station on defendant's railroad, she entered the passenger car of a train as soon as it stopped, and was proceeding to a seat, when, without fault on her part and by the gross carelessness of the company, the train was violently jerked and she was thrown down and seriously and permanently injured by the fall. The defense was, that the company exercised all due care and diligence, that if Mrs. Moore was hurt it was by reason of her own negligence, and that her condition was not produced by the fall but by previous sickness, and the injuries she thereby sustained were not permanent. Upon conflicting evidence the jury found for the plaintiffs $3,700, and defendant's motion for a new trial was overruled. The material grounds of the motion are, that the verdict is contrary to law and evidence, and to portions of the charge of the court; and that the court erred:

1. In admitting the mortuary tables in 70 *Ga.*, over objection that there was neither any proof of plaintiff's age

nor any proof of what amount she had been previously earning, if any, or able to earn, or did ever earn, monthly, annually or otherwise, or what her net earnings were or her necessary expenses.

2. In charging the jury: "Certain life tables will be out, and you will have them before you in this matter; and upon that question I give you this in charge: See from the life tables what would have been the probable length of the life of the plaintiff, provided you find she would be entitled to recover. See what would have been the probable length of her life; then see what would have been her net earnings each year. I mean to say what she could earn, less her necessary expenses; deduct from that a due proportion for her continuing ability to labor, provided you find she would be able to labor in the future; then deduct the amount for probable diminution of ability to labor by reason of old age, provided you find that she would be able to work, and a due proportion for plaintiff's contributory negligence, provided you find there was any contributory negligence under the law and doctrine which I have just given you in charge, and see what the entire amount would be. Deduct from the entire amount seven per cent., and that would be the present value of her life, whatever you find that amount to be."

3. In stating in the charge, in immediate connection, two distinct rules of law, thus qualifying the former by the latter, as follows: "No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agent of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to him." And in the same connection: "The carrier of passengers is bound to use extraordinary diligence on behalf of itself and its agents to protect the lives and persons of its passengers, but

he is not liable for injuries to persons after having used such diligence. Extraordinary diligence is that extreme care and caution which every prudent and thoughtful person uses in securing and preserving their own lives or property. The absence of such diligence is termed slight neglect. If the plaintiff, by ordinary care, could have avoided the consequences of her act, the defendant would not be liable and she would not be entitled to recover; but in order for this cause to relieve them, the plaintiff must in some way have contributed to the injuries sustained."

4. 5. In charging, as shown in the fifth head-note; and in overruling objections to certain interrogatories.

*John M. Stubbs* and *Minter Wimberly*, by *Harrison & Peeples*, for plaintiff in error.

*Steed & Wimberly* and *L. D. Moore*, contra.