CHATTANOOGA, R. & S. RY. CO. v. DOWNS.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1901.)

No. 856.

ACCIDENT TO PERSON ON TRACK—ORDINARY CARE.

A person who, without looking for trains, steps directly in front of an approaching engine, from the platform of an express company's building, erected by permission of the railroad company on its grounds, and near its depot, and which he had visited for express packages, is, as a matter of law, guilty of want of ordinary care, which, under Code Ga. §§ 2972, 3034, prevents his recovery for his injury from the railroad company; he not being within the rule that makes the question of negligence of a passenger going to and from the depot one for the jury.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

This was an action to recover for an injury happening to the plaintiff at Lytle Post Office, near Battlefield, Ga., a station on the Chattanooga, Rome & Southern Railway. The injury was received under the following circumstances: Some distance south of the passenger depot at this point, variously stated at from 60 to 600 feet, the Southern Express Company, by permission of the railroad company, had erected a building for the reception and delivery of express packages. The main line of the railroad runs in front and west of this building. In the rear of the building is a side track. On the west

106 F.—41

front of the express company's building, and across the main track, was a road in common and general use at the time, and upon which express wagons were in the habit of stopping in delivering and receiving the packages which were taken to and fro across the track. The platform on the west of the express company's building is a little over 7 feet wide, and about.3 feet and 4 inches from the track. The plaintiff, for the purpose of getting some express packages which were to be delivered at a restaurant near by, maintained near a camp of soldiers which was there at the time, visited the office, entered the same, and, upon inquiry, learned that certain express packages were there. For the purpose of giving notice to a driver across the track to deliver certain of the packages at the restaurant, for which they were intended, the plaintiff came out upon this platform, stepped down on the main track, and was almost immediately struck by an engine running backward from the south, past the express office, towards the passenger depot. The jury, by their verdict, having found the allegations of negligence of the railway company to be true, it may be taken as settled, for the present purpose, that the servants of the railroad company in charge of this engine were guilty of negligence in not giving warning of the approach of the train by a sufficient or proper signal. The testimony also shows that the approaching train from the south, for a considerable distance, might have been seen by the plaintiff, had he looked in that direction before stepping upon the track.

E. Watkins, for plaintiff in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge, after stating the foregoing facts, delivered the opinion of the court.

Under these circumstances, the question we deem it necessary to consider is, was the plaintiff, as a matter of law, guilty of a want of the exercise of ordinary care in stepping upon the track when the train must have been in plain view? The accident happened in the state of Georgia, and the statutes of that state are controlling. Numerous decisions have been made upon sections 2972 and 3034 of the Georgia Code, regulating this matter. This court had occasion in the case of Railway Co. v. Coggins, 88 Fed. 455, 32 C. C. A. 1, to consider them. Speaking by Judge Taft, the court said of those sections of the law:

"Sections 2972 and 3034, when read together, introduce a variation from the common law in one respect only. They declare first that a plaintiff shall not recover when the accident is caused by his own negligence. They further declare that, even if the defendant was negligent in such a way as to cause the injury, the plaintiff shall not recover, if, with the defendant's negligence as an existing condition of the situation, he could have avoided its consequences by ordinary care. So far these rules are the same as those established at the common law. Coasting Co. v. Tolson, 139 U. S. 556, 11 Sup. Ct. 653, 35 L. Ed. 270. Finally, however, they provide that, when the negligence of both parties is concurrent and contributes to the injury, then the plaintiff shall not, as at common law, be barred entirely, but may recover damages reduced below full compensation for the injury by an amount proportioned to the amount of the default attributable to him. The decisions of the Georgia court in construing these sections have not always been as clear and as intelligible as might be desired, but the foregoing coincides with the construction which has been put upon them by that court in the latest and earliest cases which have been called to our attention. Railroad Co. v. Luckie, 87 Ga. 6, 13 S. E. 105; Railroad Co. v. Johnson, 38 Ga. 409, 433.''

This construction of the Georgia statute seems in harmony with subsequent decisions in that state to which we have been cited, and was practically the view of the law taken by the learned judge who,

tried this case upon the circuit. While the Georgia statute permits a recovery in case of concurrent negligence, notwithstanding the negligence of plaintiff contributes in some degree, the damages being apportioned in consequence thereof, it nevertheless provides that, assuming the negligence of defendant to be established, plaintiff may not recover, if by the exercise of ordinary care on his part the injury might have been avoided. The learned judge at the trial left the question whether such ordinary care would have avoided the injury to the jury. The motion for a peremptory instruction in favor of defendant raises the question, was the negligence of the plaintiff so palpable that the court should have said to the jury, notwithstanding the negligence of the defendant, that the injury might have been avoided had the plaintiff exercised ordinary care under the circumstances? The general rule is that questions of negligence and contributory negligence are questions of fact to be passed upon by the jury, yet, when the indisputable evidence is so conclusive that a court would be compelled to set aside a verdict rendered upon it, the judge is justified in withdrawing the case from the jury. Elliott v. Railway Co., 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068. It is also a general rule that one who goes upon a railway track without looking to see whether a train is coming, under circumstances which demonstrate that he must have seen the train had he looked, is guilty of such contributory negligence as will prevent a recovery. An apparent exception to this rule has been established in favor of passengers while going to and from trains at a station, and in crossing tracks coming or departing from the train. This doctrine was established by the supreme court of the United States in the case of Warner v. Railway Co., 168 U. S. 339, 18 Sup. Ct. 68, 42 L. Ed. 491. In that case a passenger undertaking to reach his train by crossing the track intervening between the train and the station was suddenly run down by another passenger train of the company, approaching at a high rate of speed. In that case the supreme court reached the conclusion that a passenger thus undertaking to reach a train, acting upon the implied invitation of the company to passengers to follow along the best course practicable in crossing the intervening track, while not absolved from using caution to avoid danger, might nevertheless assume that the railroad company, in holding out such invitation to board the train, had not so arranged its business as to expose the passenger to danger of life and limb unless he exercised the highest degree of caution; and it was held proper to submit the question of negligence to the jury, notwithstanding the passenger might have seen the approaching train had he looked. This doctrine in respect to passengers was stated in the case of Railway Co. v. Coggins, above cited, and in the later cases of Graven v. MacLeod, 92 Fed. 846, 35 C. C. A. 47, and Railway Co. v. King, 99 Fed. 251, 40 C. C. A. 432, 49 L. R. A. 102. The later cases were decided upon the authority of the supreme court in the case of Warner v. Railway Co., supra. In the Graven and King Cases it was held that passengers crossing the tracks to take or leave their trains, without looking or listening, were not necessarily guilty of contributory negligence, but it is a question for the jury to decide, under all the circumstances, whether such conduct amounts to due care. In this connec-

tion the jury may consider that the passenger may assume that the railway company will not so arrange its business as to run a train upon the passenger while exercising the right to come and go from one of the company's trains at a regular stopping place. The learned judge in the court below was of the opinion that the doctrine in the Graven Case as to contributory negligence of a passenger applied to the present case, and in that view left the question to the jury. We find no case extending the doctrine laid down for passengers to circumstances similar to those under consideration. The passenger, in taking or leaving a train at a place provided by the company for that purpose, may well be off his guard in a situation which gives him the right to believe that the company will not suddenly run another train upon the track to be crossed by him in the exercise of his right to come and go, and such circumstances are necessarily calculated to make a passenger less watchful than he would be at a place where this implied invitation had not been extended to him. The implied invitation, with the resulting assurance of safety, is the basis of the doctrine exempting passengers from the high degree of care required of others. In the present case the railroad company, in permitting the express company to erect this building upon its premises, near its track, is chargeable with knowledge that across this track people were in the habit of coming and going to receive express packages, and must be held to have impliedly licensed the use of its track for that purpose, and to thereby have obligated itself to a reasonable degree of care to avoid injury to persons in the exercise of this privilege. In front of the express office trains were accustomed to pass and repass with considerable frequency. Undoubtedly trains which had express matter to deliver stopped at this office. It was not, however, a depot of the company. It was not a place where passengers were accustomed to come and go. It was not a place where a person dealing with the company stood in the relation of a passenger, with the consequent protection which the law extends to one in that situation. The plaintiff must have known that trains frequently passed this building without stopping. He had a full view of the track in the direction from which the train was approaching. We are unwilling to extend the doctrine in favor of one who sustains the relation of a passenger, beyond the reason which justifies it, to the circumstances of a case like this. When upon the platform of the express office, the plaintiff was in a place of safety. Had he used his senses, he certainly could have seen the approaching train. He had no reason to believe, as a passenger has, that no trains will be run upon this track while he is using it as a crossing place. It is this belief, as we have said, engendered in the mind of a passenger by the situation created by the company, which excuses the highest degree of care on his part. There can be but one inference from the testimony, which is that the plaintiff stepped upon the track without looking for coming trains or heeding the impending danger. He is not to be blamed, when suddenly confronted by the engine, for attempting to get back upon the platform. What seems to us palpable negligence on his part is leaving the place of safety on the platform and stepping directly in front of the approaching engine, without taking the precaution of looking to see whether he might

safely do so. Unless the doctrine of the passenger cases is to be extended to this situation, it is needless to say that such conduct is such manifest want of ordinary care that there can be no recovery, notwithstanding the negligence of the defendant in running trains without signal or warning. Under the Georgia statute, if the exercise of ordinary care would have avoided the consequences of the defendant's negligence, there can be no recovery. We think the testimony disclosed such a situation, and that the learned judge should have instructed the jury to return a verdict for the defendant. Failing to do so, we think there is error, for which the judgment must be reversed and the cause remanded.