SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *v.* HATCHER.

118  273
122   91
d123  32

118  273
127  479

A new trial is required under the express rulings in *Americus R. Co.* v. *Luckie,* 87 *Ga.* 6, and *Macon R. Co.* v. *Moore,* 99 *Ga.* 229.

Submitted June 12, — Decided June 30, 1903.

Action for damages.    Before Judge Dart.    Ware superior court. December 30, 1902.

*Kay, Bennet & Conyers* and *S. W. Hitch,* for plaintiff in error. *Leon A. Wilson* and *Toomer & Reynolds,* contra.

LAMAR, J.   The judgment of the court overruling the demurrer having been affirmed (*S., F. & W. Ry. Co.* v. *Hatcher,* 115 *Ga.* 379), on the trial the plaintiff recovered a verdict.   Error is assigned because the court charged "sections 2322 and 3830 of the Civil Code in immediate connection with each other, without other explanation as to the classes of cases to which each was applicable, when as a matter of law they should be applied to entirely different and distinct classes of cases."   This charge requires the grant of a new trial, under the express rulings in *Americus R. Co.* v. *Luckie,* 87 *Ga.* 6, and *Macon R. Co.* v. *Moore,* 99 *Ga.* 229.   Each of the two sections is very brief and condensed, requiring analysis and explanation in order to be understood by the jury; but to read the two sections in immediate connection is necessarily confusing.   To tell the jury that if the plaintiff could have avoided the injury he could not recover, and in the same breath to say that if both parties are at fault the plaintiff's damages may be diminished, is calculated to mislead and confuse them on a point about which they should be most carefully and accurately instructed.    But the defendant in error insists that this error was cured in subsequent portions of the charge.    The attention of the jury was not specially called to the fact that it was intended to correct what had been previously said.    The jury must take the whole charge as the law, and it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge.    As to how such an error should be cured, see *Americus R. Co.* v. *Luckie,* supra.

*Judgment reversed.    By five Justices.*