## MACON & BIRMINGHAM RAILWAY CO. *v.* ANDERSON.

1. The ruling announced in *Americus R. Co.* v. *Luckie*, 87 *Ga.* 6, does not require the grant of a new trial because the court read to the jury Civil Code, §2322, as a whole, thus giving in immediate connection each principle contained therein.

2. Though the negligence charged was the premature announcement of the station, it was proper for the jury to consider whether the plaintiff knew when he went on the lower step that the point for alighting had not been reached.

3. It was therefore proper to instruct the jury that, along with the other circumstances of the transaction, they might consider whether there was any light at the place.

4. Where it appears that the absent witness is the only disinterested person by whom the material fact can be. proved, the motion for a continuance is not defective because of the failure to allege that such material fact can not be proved by any one else.

5. In the present case, however, the showing was defective under the Civil Code, §5129, and also because it appeared that the movant did not know what the witness would testify, and there was no affidavit from the informant or other showing that the witness did have knowledge of any fact material to the issue.

Argued November 23, 1904.— Decided January 27, 1905.

Action for damages.   Before Judge Roan.   Monroe superior court.   June 11, 1904.

Anderson brought suit against the plaintiff in error for damages

occasioned by a sudden start of the train while he was standing on the bottom step of the platform, claiming that he had been induced to put himself in this position by reason of the negligent and improper announcement of the station before the train reached the usual stopping-place. The verdict was for the plaintiff. There was a motion for a new trial on several grounds, and among others, that the court refused to grant a continuance on account of the absence of a witness who was on the train at the time of the occurrence, and who, the movant was informed, would testify as to certain facts material to the company's defense stated in the motion. It was stated that the only other witnesses by whom these facts could be proved were officers and employees, who were therefore in a position where it might be contended that they were not disinterested. The motion was overruled, and the defendant excepted.

*Cabaniss & Willingham*, for plaintiff in error.
*Persons & Persons*, contra.

LAMAR, J. (After stating the foregoing facts.)   1. While it may be necessary, in the same case, to give in charge the principle contained in the Civil Code, § 2322, and that set forth in § 3830, it would be because of the different theories raised by the evidence, and not because the defenses under the two sections are identical. Section 2322 treats of an active plaintiff who himself caused the injury. Section 3830 deals with a plaintiff who may have been passive, and may therefore not have caused, but might have avoided the injury. Neither section is exhaustive of defenses which may be made. But relating, as they do, to different conditions, the two sections should not be charged in immediate connection one with the other, but separate and apart. The instructions on each should be adjusted to the particular issue arising from the testimony. While there is no conflict between them, to read them together is misleading, though to jurors who have not the opportunity to analyze and compare, they may appear to be contradictory. To say that the plaintiff can not recover if he caused the injury (§ 2322) is very clear. But to connect that with the immediate statement, that the plaintiff can not recover if he could have avoided the injury, "but in other cases the defendant is not relieved although the plaintiff may have in some

way contributed to the injury" (§ 3820), is calculated to make the jury think that "causing the injury" (2322), might be one of the "other cases" (3830), against which the defendant is not absolutely relieved if it appear that, though he originally caused the injury, he might at the same time by the exercise of ordinary care have avoided the consequences. Again, to tell the jury that if the plaintiff could have avoided the injury he can not recover (3830), and in the same breath to say that "if both parties were at fault" (2322), plaintiff's damages "may be diminished" is likewise misleading. *Hatcher* v. *S., F. & W. Ry. Co.*, 118 *Ga.* 273. The rule to this effect, announced in *Americus R. Co.* v. *Luckie*, 87 *Ga.* 6, has several times required the grant of a new trial where the two sections were read to the jury in immediate connection and without proper explanation. But no case has ruled that to read the whole of either section by itself was improper. Nor on principle is there any reason for such a holding. Section 2322 states a principle and then furnishes its own qualification or exception. If the charge does not cover the issues involved in the case, that is ground for other and specific assignment of error, setting out what it improperly omitted. But the assignment that the judge "read section 2322 as a whole, and stated in immediate connection with each other, without proper explanation, two distinct rules of law, thus qualifying the former by the latter," furnishes no reason for the grant of a new trial.

2, 3. The announcement of the station was at night. The only negligence assigned was that it was made before the regular stopping-place had been reached. The motion alleges that while the charge was abstractly correct, it was error for the court, in enumerating the circumstances to be weighed by the jury, to instruct them to consider whether there were any lights at the place. If the theory of the plaintiff was correct, it was proper for the jury to consider whether he knew of that fact when he put himself on the bottom step and in a position where he might be injured if there was any sudden motion of the train. On this issue the question of light or no light was important.

4. The motion for a continuance may not have been defective because it failed to show that the defendant had no witness, other than the one served with a subpoena, by whom the material facts stated in the motion for continuance could be established. It did

appear that he was the only disinterested witness by whom it
could prove these facts vitally essential to its defense.    This was
an important element in passing upon the sufficiency of the show-
ing.    Compare *Maynard* v. *Cleveland,* 76 *Ga.* 53 (3); *Compton*
v. *State.* 108 *Ga.* 747; *Salmons* v. *State,* 118 *Ga.* 763.

5. In the motion for a continuance it was stated that while
the counsel for the defendant had not talked with the witness,
they had had other parties to do so, and had been informed that
the witness would swear to the material facts stated in the mo-
tion.    In order to make a legal showing under these circum-
stances, it was ruled, in *Thompson* v. *State,* 24 *Ga.* 297, that it
must appear that the absent person is in fact a witness to some
matter necessary to be shown, and if the movant knows of this
from information only, he ought to submit the affidavit of his
informant.    The motion was defective also in failing to meet the
requirement in the Civil Code, § 5129, it not being alleged that
the application was not made for the purpose of delay.    *Cobb* v.
*State,* 110 *Ga.* 314.

The evidence was conflicting, but was sufficient to support the
finding for the plaintiff.    No error of law appears.    The verdict
was approved by the presiding judge, and this court will not in-
terfere with his refusal to grant a new trial.

<div align="center">

*Judgment affirmed.    All the Justices concur.*