8064.   SEABOARD AIR-LINE RAILWAY *v.* COOPER.

</div>

1. It is conceded in the brief of counsel for the plaintiff in error that under the charge of the court there was some evidence to authorize the verdict.

2. There is no merit in those grounds of the motion for a new trial in which excerpts from the charge of the court are complained of upon the ground that the court therein failed to confine the jury to the ascertainment of the precise damages alleged in the plaintiff's petition. As there was no contention as to any element of damage or negligence except that set forth in the petition and supported by some proof, the jury could not have been misled by the general terms employed by the court.

3. Where one of the defenses interposed to a suit against a railroad company for personal injuries received by a passenger in alighting from a train at a station was that the injuries resulted solely from lack of ordinary care on the part of the passenger, it was error for the court to charge as follows: "Now, if you believe that she [the plaintiff] did negligently and of her own act, and without exercising ordinary diligence, bring about the injuries, then, if you believe that the railroad has exercised extraordinary diligence in protecting her and believe both of these things to appear in this case, she would not be authorized to recover."

<div align="center">

DECIDED JULY 23, 1917.

</div>

Action for damages; from Madison superior court—Judge Meadow.   January 29, 1916.

*J. F. L. Bond, Cobb, Erwin & Rucker,* for plaintiff in error.

*Berry T. Moseley, John J. & Roy M. Strickland,* contra.

WADE, C. J.   It is unnecessary to amplify any of the foregoing rulings except that contained in the 3d headnote.   The plaintiff was a passenger on a train of the defendant, and was injured when alighting at her destination.   The 7th ground of the motion for a new trial is that the court erred in charging the jury as follows: "If you believe that she [the plaintiff] did negligently and of her own act, and without exercising ordinary diligence, bring about

the injuries, then, if you believe that the railroad has exercised extraordinary diligence in protecting her and believe both of these things to appear in this case, she would not be authorized to recover." The errors assigned are: "(a) The charge excepted to is not a correct statement of the law. (b) The court should have charged that if the plaintiff was not in the exercise of ordinary care at the time she sustained the injuries complained of, she could not recover; but the charge referred to permitted the jury to find for the defendant only in the event the plaintiff did not exercise ordinary care and the defendant company was shown to have been in the exercise of extraordinary care and diligence at the time of the alleged injury." The entire charge given in this connection was as follows: "A carrier of passengers (this is a rule of law, which you are entitled to have to help guide you in your investigation in this case)—a carrier of passengers is bound also to extraordinary diligence, on behalf of himself and his agents, to protect the lives or the persons of his passengers. But he is not liable for injuries to the person after having used such diligence. Now in your investigations in this case you want to. determine whether the plaintiff sustained these injuries complained of by her, or any of them, at the hands of the defendant railway company. If the proof shows that, then the law presumes negligence on the part of the railway. A railway, if it shows, notwithstanding she may have been hurt,—if the railway shows that it and its officers and agents exercised extraordinary diligence in trying to protect this passenger, then in that event they would not be liable in this suit. Now one of the contentions among those of the defendant is that this woman, the plaintiff in the case, was of her own fault attempting to alight from a moving train, and that her own fault caused whatever injury she may have sustained, I charge you that that is all (as well as all other facts in the case) a matter for you, under all this evidence and all of the facts and circumstances in the case, to determine whether or not she had negligently and without the exercise of ordinary diligence on her part undertaken to pass from a moving train. Whether she did or did not is a matter for you to determine; and if she did undertake to pass from a moving train, you are then to determine what rate that train was moving at, and whether or not her act in stepping off of that train was in exercise of ordinary diligence or not. It is not for the court to decide, but

all of the facts are for the jury to decide and determine. Now, if you believe that she did negligently and of her own act, and without exercising ordinary diligence, bring about the injuries, then, if you believe that the railroad has exercised extraordinary diligence in protecting her, and believe both of these things to appear in this case, she would not be authorized to recover."

It will be observed that in this charge the court instructed the jury that a carrier of passengers is bound to extraordinary diligence, but not liable for injuries to a person after having used such diligence, and further instructed them that one of the contentions made by the defendant was that the plaintiff brought about the alleged injury through her own failure to exercise ordinary diligence in passing from a moving train, and still further "that if the railway shows that it and its officers and agents exercised extraordinary diligence in trying to protect this passenger, then in that event they would not be liable in this suit." The court further instructed the jury that it was for them to determine, under all the facts and circumstances in the case, "whether or not she had negligently and without the exercise of ordinary diligence on her own part undertaken to pass from a moving train;" and added: "Whether she did or did not is a matter for you to determine; and if she did undertake to pass from a moving train, you are then to determine what rate that train was moving at, and whether or not her act in stepping off of that train was in the exercise of ordinary diligence." Nevertheless, it does not appear that in this connection or elsewhere in the charge the court ever instructed the jury, as an independent proposition of law, that if the injury was caused by the negligence of the plaintiff she could not recover. In other words, the court informed the jury that the duty rested upon them to determine whether the plaintiff was or was not in the exercise of ordinary diligence, but nowhere advised them of the legal consequences resulting solely from failure on her part to exercise such diligence.

The Civil Code, § 2781, declares that "no person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." Section 4426 declares that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

Section 2714 declares: "A carrier of passengers is bound also to extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers. But he is not liable for injuries to the person, after having used such diligence." It will be seen that as a matter of law the defendant might defeat a recovery by establishing, on the one hand, to the satisfaction of the jury, either that the injury was caused by the negligence of the plaintiff herself, or that the consequences resulting to her on account of the defendant's negligence could have been avoided by the exercise on her part of ordinary care; or, on the other hand, by showing that extraordinary care had been employed by its agents and servants to protect the life and person of the plaintiff. The court not only omitted any sufficient instruction touching the legal consequences following a lack of ordinary care on the part of the plaintiff, but aggravated the vice in this instruction by including both independent defenses in the one instruction, and precisely and definitely informing the jury that a recovery on the part of the plaintiff would be defeated only in the event they believed "both" that she brought about the injuries complained of by her own act and without the exercise of ordinary diligence, *and* that the railroad company had exercised extraordinary diligence in protecting her. To state it in another way: The court instructed the jury that, to defeat a recovery against the defendant, it must appear "both" that the injury resulted from a want of ordinary care on the part of the plaintiff *and* that the defendant had exercised extraordinary care to protect her as a passenger. The charge complained of indubitably confused the two defenses. It may have been that the railroad company did in fact exercise extraordinary care for the protection of the plaintiff, and therefore an injury could not have resulted to her unless there was a failure on her part to exercise ordinary care; but nevertheless, when the court instructed the jury that a recovery was authorized unless it appeared *both* that the plaintiff failed to exercise ordinary care *and* that the defendant company in fact exercised extraordinary care, without even, in this connection or elsewhere, informing the jury what would be the legal consequences of a failure on the part of the plaintiff to exercise ordinary care, the jury must have been impressed with the idea that a double burden was placed upon the defendant, and that a recovery was authorized notwithstanding a lack of ordinary care

on the part of the plaintiff; and the instruction was therefore necessarily harmful.

. As suggested above, the two defenses, while closely connected, are independent; and placing them in such close juxtaposition, with the instruction that the jury must find both defenses good, in order to find against the plaintiff, amounted in effect to presenting for their consideration two different hypotheses, both of which must be sustained by the defendant, when in fact the establishment of either would prevent such a recovery. Regardless of the conduct of the plaintiff, and irrespective entirely of whether the plaintiff exercised ordinary care or not to prevent the injury, if the defendant exercised that degree of extraordinary care required by law and this fact was made plainly to appear, a complete defense would be thus established. On the other hand, if the defendant was altogether lacking in the exercise of the degree of care required by law, but the plaintiff could have avoided the consequences of that negligence by the exercise of ordinary care, and failed to exercise that degree of care, still no recovery against the defendant could be had. In *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), it was held that the trial judge erred "in stating in immediate connection with each other, and without proper explanation, two distinct rules of law, and thus qualifying the former by the latter, which is not the purpose of the statute." Certainly the defenses allowed under sections 2781 and 4426 are entirely distinct from that authorized by section 2714, notwithstanding that the establishment of the one to the satisfaction of the jury would render it unnecessary to rely upon the other, and the defendant was entitled to avail itself of either, as alone sufficient to defeat a recovery, and should not have been required to establish satisfactorily both the one and the other. In *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* supra, the court held it error to include in one instruction reference to a want of ordinary care on the part of the plaintiff as a complete defense, and the law touching contributory negligence, where the plaintiff was to some extent negligent, but nevertheless could not by using ordinary care have avoided an injury resulting from the defendant's negligence. The trial court in that case confused inconsistent defenses without proper explanation; and the court in the case under consideration not only did this, but required the defendant to maintain both, or else suffer a recovery for the damage alleged.

The error contained in this excerpt from the charge of the court was not elsewhere expressly retracted or corrected. As was said in *Savannah, Florida & Western Ry. Co.* v. *Hatcher*, 118 *Ga.* 273 (45 S. E. 239), "The jury must take the whole charge as the law, and it is not for them to select one part to the exclusion of another, nor to decide whether one part cures or qualifies another, without being instructed so to do by the judge." Not only was the error not corrected, but nowhere in the charge were the jury properly instructed that a recovery would be defeated *either* by satisfactory proof that the agents and employees of the defendant railway had exercised extraordinary care to protect its passengers, *or* (regardless of negligence on the part of the defendant) solely by such proof of a want of ordinary care on the part of the plaintiff.

In view of the ruling on the 7th ground of the motion for a new trial, the 8th and 9th grounds need not be considered.

*Judgment reversed. George and Luke, JJ., concur.*