18442. SEABOARD AIR-LINE RAILWAY CO. *v* SARMAN.

STEPHENS, J. 1. The fact that an automobile which, while crossing a railroad-track at a public crossing was run into by an approaching train, would, if it had not stalled upon the track, have passed over the track in safety, does not, where there is evidence that the train was running at a rate of speed that was in fact negligent at the time and place and under the circumstances, and that the crossing whistle was not blown as required by law, establish as a fact that the stalling of the automobile, and not some act of negligence on the part of the railroad company, was the proximate cause of the injury. It is a question of fact whether the injury was caused by a negligent act of the driver of the automobile or such an act on the part of servants of the railroad company in operating the train.

2. Where upon a trial there is evidence that a railroad-train, when approaching a public crossing, was being operated at a rate of speed that was in fact negligent at the time and place and under the circumstances, and that the crossing whistle was not blown as required by law, it can not be held as a matter of law that a person who was familiar with the crossing but whose view of the approaching train was obstructed by a building near the track, by driving an automobile upon the railroad-track at the crossing in front of an approaching train without making some effort to detect the approach of the train, failed to exercise that degree of care legally required of him under the circumstances, and was guilty of negligence which, unmixed with any negligence of the railroad company, proximately caused a collision between the train and the automobile.

3. Whether the decision of the Supreme Court of the United States in the case of Baltimore & Ohio Railroad Co. *v.* Goodman, 275 U. S. 66 decided (48 Sup. Ct. 24, 72 L. ed. 22), which holds that a plaintiff who, being familiar with a railroad-crossing, but whose view of the approaching train is obstructed, drives his automobile in the daytime upon the crossing, without taking precautionary measures against the approach of the train,—as stopping and looking,— is thereby guilty of negligence barring a recovery for any injury to himself inflicted as a result of collision between his automobile and the train, is applicable to a case where an occupant of the automobile who was injured, and not the driver, is the plaintiff, the rule there announced was applied where there was no recognition of any negligent act of the railroad company, and no act negligent per se, as a failure to herald the train's approach

by the sounding of an alarm required by law. It is stated in the opinion in that case that "nothing is suggested by the evidence to relieve Goodman from responsibility for his own death." Had there appeared in that case evidence that the railroad company was negligent per se in not giving a warning signal heralding the train's approach as required by law, a state of facts would have been presented which would have taken the case without the ratio decidendi of that decision. The rule announced in the Goodman case has reference to the law as it obtains in the State of Ohio, and it is well recognized that the decisions of the Federal courts, interpreting the laws of the States and not involving Federal questions, are not binding as authority upon the State courts. Under the Georgia law it is a question of fact whether a person intending to cross a railroad-track at a public crossing is negligent in failing to take precautionary measures, such as stopping, looking and listening, to detect the approach of a train, and in assuming that the agents of the railroad company, in operating a train approaching the crossing, will comply with the law and sound the crossing alarm. If the railroad fails in this respect it is also a question of fact whether this failure or the conduct of the other person in going upon the track without taking such precautionary measures is a proximate cause of the resulting injuries.

4. Where a minor child, while in the custody and control of another person without the knowledge or consent of its father, is injured as a result of an act of the person having the custody and control of the child, the father is not responsible for any negligence of that person resulting in an injury to the child, where this negligence is not otherwise imputable to the child. In a suit by the father against a person other than the one having the custody and control of the child, to recover for the loss of the child's services sustained by the father by reason of the death of the child, which resulted from a collision between a railroad-train of the defendant and an automobile in which the child was riding while the automobile was being driven by the person who at the time, without the consent of the plaintiff, had the custody and the control of the child, the defendant, in defense to the suit, notwithstanding the plaintiff is not chargeable with negligence of the driver of the automobile, may nevertheless rely upon the negligence of the driver of the automobile as being the sole proximate cause of the death of the child, and may also rely upon the negligence of the child, which is attributable to the father, as either proximately causing the injury or as a factor reducing the amount of recovery.

5. Where the mother, in whose custody the father had left his minor child, permitted the child, during the father's absence and without the consent of the father, to ride in an automobile with another person, who, to the mother's knowledge, was driving the automobile, this is not sufficient to establish consent by the father to the child's being entrusted to the custody and control of the driver. This is true notwithstanding the father had confidence in the ability of the driver to carefully and diligently operate the automobile, and would ordinarily have entrusted his children to the driver's care and protection, though afterwards he stated that he did not know whether he would have done so on this ocassion, but that while away from home he "left control of the children

entirely" to his wife and "left her in charge of the commissary and house," and all she did was with his "entire approval and permission."

6. In a suit by a father to recover for loss of services resulting from the death of his minor child, where the evidence authorized the inference that the child, while riding in an automobile as a guest of another person for whose negligence the plaintiff was not responsible, was killed by a collision between the automobile and an approaching train of the defendant at a railroad crossing, and that both the driver of the automobile and the agents of the defendant railroad company in operating the train were negligent, a charge to the jury, which was literally in the language of headnote 1 of the decision in the case of *Southern Ry. Co.* v. *Webb,* 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109), which announces the rule whereby an original wrongdoer is relieved of liability where a subsequent intervening act, for which he is not responsible and the happening of which he can not reasonably foresee, causes the injury, states a correct proposition of law, and is not subject to the objection made by the defendant that it fixes responsibility for the injury upon the defendant without respect to when the original wrongdoer might have anticipated the intervening act, and without respect to the conditions or circumstances surrounding the intervening act.

7. Where the court charges that if the negligence of the person injured, notwithstanding the existence of negligence on the part of the person inflicting the injury, is nevertheless the proximate cause of the injury, there can be no recovery, it is not error as confusing the two distinct propositions of law contained in the Civil Code (1910), §§ 2781, 4426, to charge immediately thereafter and separately therefrom that in case of a failure by the person injured to exercise ordinary care to avoid the consequences of the negligence of the other person, there can be no recovery. *Americus &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105). The two propositions, though charged together consecutively, were not charged in immediate connection with each other. They were stated as separate and distinct propositions of law, and the charge was not calculated to confuse the jury to the injury of the defendant. See, in this connection, *Macon, Dublin & Savannah Railroad Co.* v. *Moore,* 99 *Ga.* 229 (25 S. E. 460); *Savannah, Florida & Western Railway Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Macon & Birmingham Railway Co.* v. *Anderson,* 121 *Ga.* 666 (49 S. E. 791); *Americus &c. R. Co.* v. *Luckie,* supra.

8. Where the court clearly instructed the jury as to the right of the plaintiff, the child's father, to recover where the child negligently failed to guard against the consequences of the defendant's negligence and where the child's negligence was equal to or greater than the defendant's negligence, none of the excerpts from the charge was subject to the exception that it was error prejudicial to the defendant as eliminating from consideration by the jury any negligence of the child as contributing to the injury.

9. Applying the above rulings, the court nowhere erred in charging as excepted to by the defendant, and nowhere erred in refusing to give certain instructions requested by the defendant.

10. The testimony of a witness that he did not hear the whistle blow, but that if it had blown he would have heard it, was positive testimony as to a circumstance from which the jury could have inferred that the

whistle did not blow at the time as to which he testified. The evidence was properly admitted.

11. The value to a parent of the services of a minor child is not determinable solely from evidence as to the amount of money the child earns or is capable of earning during its minority. The value of a child's services may be determined from all the evidence, including evidence as to the age and precocity of the child, its earning capacity, and the services rendered by it, the circumstances of the family and the living conditions, and "from experience and knowledge of human affairs on the part of the jury." *Savannah Electric Co.* v. *Dixon*, 18 *Ga. App.* 314 (3) (89 S. E. 373). Where the court in the charge virtually so instructed the jury, the charge was not subject to exception as being error in that it failed to instruct the jury as to any rule by which the amount of damages could be calculated or by which the value of the services could be reduced to a present cash value. See also *James* v. *Central of Georgia Railway Co.*, 138 *Ga.* 415 (75 S. E. 431, 41 L. R. A. (N. S.) 795, Ann. Cas. 1913D, 468); *Standard Oil Co.* v. *Reagan*, 15 *Ga. App.* 571, 599 (84 S. E. 69); *Central of Georgia Railway Co.* v. *James*, 143 *Ga.* 753 (3) (85 S. E. 920); *Louisville & Nashville Railroad Co.* v. *Stallings*, 35 *Ga. App.* 376 (133 S. E. 288).

12. The fact that there is no evidence as to good health or expectancy in life of either the plaintiff at the time of the trial or of the child at the time of death does not necessarily render the evidence insufficient to support the amount of the verdict. In the absence of evidence to the contrary, presumably the plaintiff and the child were in good health, and the jury could infer, from the apparent age of the plaintiff, who appeared before them as a witness, and from the age of the child, which was in evidence, that each had a life expectancy, from the date of the injury, of eight years, during which the child. had it lived, would have arrived at majority. *Watson* v. *Tindal*, 24 *Ga.* 494 (6) (71 Am. D. 142); *Southern Railway Co.* v. *Petway*, 7 *Ga. App.* 659 (2) (67 S. E. 886); *City of Moultrie* v. *Cook*, 11 *Ga. App.* 649 (75 S. E. 991); 17 C. J. 1166.

13. Since damage for loss by a parent of the services of his minor child may be determined from a consideration of all the evidence, including evidence as to the age and the precocity of the child, its earning capacity and the services rendered by it, the circumstances of the family and the living conditions, and "from experience and knowledge of human affairs on the part of the jury," etc., it is reasonably inferable from the evidence in this case that the plaintiff's damage as a result of the loss of the services of his minor child, who at the time of death was 13 years of age, reasonably amounted to $5,000, the amount of the verdict. One element for consideration in arriving at the size of the verdict is the fact that it was found five years after the date of the injury, and the plaintiff is entitled to a sum representing interest during that period on the amount of the sum representing his damage.

14. The evidence warranted the inference that the death of the child was proximately caused by the negligence of the defendant railroad company.

15. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1928.

*Conyers & Gowen, W. W. Dykes,* for plaintiff in error.

*Reuben R.* and *Lowry Arnold, Burwell A. Atkinson, Bouhan & Alkinson, E. C. Hill, B. P. Gambrell,* contra.