21381. GEORGIA POWER COMPANY *v.* MENDELSON.

STEPHENS, J. 1. Where, in order to avoid a street obstruction which extended from the sidewalk to within about two feet of a street-car track, a person traveling in an automobile along the street went upon the track in front of a street-car which he saw approaching and which was in about fifty yards of him, and was injured by being run into by the street-car before he could get off the track, although in going upon the track he may have been negligent in misjudging the speed at which the street-car was being operated and in believing that he could "beat" the car, his negligence in this respect did not as a matter of law constitute the proximate cause of the injury and bar a recovery by him, where the operator of the street-car saw him go upon the track when fifty yards away, and was aware of his dangerous situation upon the track, and could afterwards, in the exercise of ordinary care, have checked the speed of the street-car and thereby avoided the injury, but,

on the contrary, accelerated the speed of the car, was a new operator, and, at the time of the injury was negligently operating the car at a speed of thirty or thirty-five miles an hour. It was a question of fact for a jury as to whose negligence, under the circumstances, was the cause of the injury. Huddy on Automobiles (7th ed.), § 718; 1 Blashfield's Enc. Automobile Law, 882, 883. In *Thomas* v. *Central of Georgia Railway Co.*, 121 *Ga.* 38 (48 S. E. 683), *Rome Railway & Light Co.* v. *Barna*, 16 *Ga. App.* 1 (84 S. E. 209), *Athens Railway & Electric Co.* v. *McKinney*, 16 *Ga. App.* 741 (86 S. E. 83), *Columbus Railroad Co.* v. *Holcombe*, 22 *Ga. App.* 676 (97 S. E. 194), and *Haddon* v. *Savannah Electric & Power Co.*, 36 *Ga. App.* 183 (136 S. E. 285), where it was held that a person injured in going in front of a moving car or train the speed of which he miscalculated, was in so doing, notwithstanding the negligence of the operator of the car or train, guilty of such negligence as to bar a recovery, it does not appear that the operator of the car or train could, in the exercise of due care, have stopped or checked the car or train in time to have avoided the injury after discovering the dangerous situation of the person upon the track, or that the speed of the car or train was accelerated after the person injured had gotten into the dangerous situation upon the track.

2. Where the court charged the jury that if the plaintiff, by the exercise of ordinary care and diligence, could have avoided the negligence of the defendant, if the defendant was negligent, he could not recover, and immediately thereafter charged that if the defendant and the plaintiff were both at fault the plaintiff might recover, but the damages should be diminished in proportion to the amount of "default attributed" to the plaintiff, any error in charging the two rules announced in immediate connection with each other and without proper explanation, as was held in *Americus, Preston & Lumpkin Railroad* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105), was harmless where the court elsewhere in the charge gave the first rule and immediately thereafter instructed the jury in substantially the same language as suggested in *Americus &c. R.* v. *Luckie*, supra, that "if you find that both the plaintiff and the defendant were negligent, under the rules I have given you in charge, and that the alleged injury was [the] fault of both, *and you find from the evidence that the plaintiff could not, by the exercise of ordinary care, have avoided the alleged injury to himself, occasioned by the defendant's negligence* [italics ours], then, notwithstanding the plaintiff may have been to some extent negligent, he would be entitled to recover, but the amount of damages should be apportioned in proportion to the amount of default attributable to the plaintiff."

3. This being a suit to recover damages for injuries alleged to have been received by the plaintiff as a result of a collision between the automobile in which he was riding and the defendant's street-car, under the ruling laid down in paragraph 1 above, the evidence does not demand the inference that the plaintiff was injured as the proximate result of his own negligence, but authorizes the inference that the plaintiff was injured as the proximate result of the defendant's negligence.

4. The evidence authorized the verdict for the plaintiff, and no error appears.     *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 27, 1932.

*Barry Wright, Dean & Camp,* for plaintiff in error.
*Porter & Mebane,* contra.