27125. SOUTHERN RAILWAY COMPANY *et al. v.* LEE.

318

DECIDED DECEMBER 5, 1938. ADHERED TO ON REHEARING DECEMBER 20, 1938.

*B. H. Burgess, Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.

*Smith, Smith & Bloodworth, William Schley Howard, Scott Candler,* contra.

STEPHENS, P. J. Mrs. Margaret S. Lee instituted suit against Southern Railway Company and Henry Busha to recover damages for the homicide of her daughter, who contributed to her support and upon whom she was dependent, alleged to have been caused by the negligent operation of a train of the defendant railway com-

pany by the other defendant as its engineer, in approaching a public crossing and running into an automobile in which the deceased daughter was traveling over the crossing. The jury found for the plaintiff in the sum of $2500. The defendant moved for a new trial on the general grounds and on various special grounds. To the overruling of this motion the defendant by bill of exceptions excepted. The rulings on all the grounds insisted upon are contained in the headnotes hereto attached. Only 2, 3, and 4 need any elaboration.

The charge of the court which contained the excerpts excepted to was as follows: "The law declares that if the deceased daughter of the plaintiff could have avoided to herself the consequences of the defendant's negligence, if any, after it arose and was impending, or in the exercise of ordinary care she should have known of such negligence, if that appeared, then the plaintiff could not recover; so it becomes a question of fact for you to determine from all the facts and surrounding circumstances whether or not the deceased daughter of the plaintiff exercised ordinary care, or failed to do so. In this connection, gentlemen of the jury, I read to you the following law: 'No person shall recover from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agent of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him.'"

The charge as here given does not contravene the rule of *Americus &c. Railroad Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), and the cases following it. See *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (4) (48 S. E. 149); *Macon Ry. &c. Co.* v. *Streyer,* 123 *Ga.* 279 (51 S. E. 342). In the *Luckie* case the court charged as follows: "If, by the exercise of ordinary care and diligence, the plaintiff could have avoided the consequences to herself of the defendant's negligence, she can not recover; but if both parties were at fault, and the alleged injury was the result of the fault of both, then notwithstanding the plaintiff's negligence, she would be entitled to recover, but the amount of the recovery would be abated in proportion to the amount of the default on her part." This charge was substantially portions of each of the two Code sections, 94-703, and 105-603. The court, in that case, charged portions of these Code sections in direct connection.

with each other, and modified or qualified that portion of the Code, § 105-603, which provided that if the plaintiff could by the exercise of ordinary care have avoided the consequences of the defendant's negligence there could be no recovery, by that portion of the Code, § 94-703, that if both parties were at fault the plaintiff could recover but the damages should be diminished in proportion to the default attributable to the plaintiff. The charge was held to be error in that by reason of the modification or qualification of the rule that if, by the exercise of ordinary care, the plaintiff could have avoided the consequences of the defendant's negligence, by the rule immediately stated thereafter, that if both parties are at fault the plaintiff could recover damages only in an amount diminished in proportion to the default attributable to the plaintiff, the court thereby instructed the jury that if both parties were at fault there could nevertheless be a recovery by the plaintiff in a diminished amount, notwithstanding the plaintiff could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence. The error in that case did not consist solely in the fact that two propositions of law were given in immediate connection with each other, but consisted in the fact that the two propositions of law as given were so molded together that one so modified or qualified the other as to render the charge containing both propositions of law an erroneous statement of the law. The charge suggested in the opinion of the court in the *Luckie* case, as a correct statement of the law, contains the two propositions of law stated in immediate connection therewith with each other and in the same sentence, but neither proposition of law as so stated in the suggested charge was modified by the other. This suggested charge, notwithstanding it contained the two propositions of law stated in immediate connection with each other, was not error. The correct charge suggested in that case is as follows: "But if both parties were at fault, and the alleged injury was the result of the fault of both, *and you find from the evidence that the plaintiff could not by ordinary care have avoided the alleged injury to herself occasioned by defendant's negligence,* then, notwithstanding she may have been to some extent negligent, she would be entitled to recover, but the amount of damages should be apportioned."

The charge as given in the case sub judice that if both parties are at fault the complainant may recover but the damages shall be

diminished in proportion to the amount of default attributable to him, given, as it was, as a separate and distinct proposition of law and as a portion of the Code, § 94-703, which was given in its entirety, did not modify the rule which had been stated immediately above in the charge that if the injured person could have avoided the consequences of the defendant's negligence there could be no recovery by the plaintiff. The charge therefore was not error on the ground that it contained a modification or qualification of one correct rule of law by another one, and that for that reason it amounted to a misstatement of the law. The charge also was not error in that the court failed to charge in connection therewith that there could be no recovery if the person injured could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, or that the charge as given was calculated to confuse the jury by leading them to believe that if the person injured could, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, the plaintiff could nevertheless recover in a reduced amount. In other words a charge of the entire Code, § 94-703, in its entirety is not error as being an incorrect statement of the law.

In charging the law of contributory or comparative negligence whereby if both the plaintiff and the defendants are negligent the plaintiff may recover, if the plaintiff is otherwise entitled to recover, damages in proportion to the default attributable to the plaintiff, it is not error for the court to fail to instruct the jury that this rule applies provided the plaintiff was not guilty of a failure to exercise ordinary care to avoid the consequences to himself caused by the defendants' negligence, or provided the injury was not caused by his consent or by his own negligence, where the court elsewhere charges these last three propositions of law. The error in charging the jury that if both parties are at fault the plaintiff may recover damages in a reduced amount in proportion to the amount of default attributable to him, and at the same time omitting to state that the plaintiff can recover damages in such reduced amount provided the plaintiff could not, in the exercise of ordinary care, have avoided the consequences to himself of the defendant's negligence, is where the court, as it did in the *Luckie* case, after charging the rule that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences to himself of the de-

fendant's negligence he can not recover, in the next breath modifies or nullifies this rule by instructing the jury that if both parties were at fault, and the fault of both caused the injury, the plaintiff would be entitled to recover in a reduced amount in proportion to the amount of default attributable to the plaintiff, and thereby, in effect, instructs the jury that there may be a recovery by the plaintiff if he was negligent, notwithstanding he could, in the exercise of ordinary care, have avoided the consequences to himself of the defendant's negligence. Where the court charges as a separate and independent proposition, without in so doing qualifying or modifying any other proposition of law, that if the plaintiff and the defendant are both at fault the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to the plaintiff, this charge is not error in that the court fails in immediate connection therewith to state that the plaintiff would not be entitled to recover if by the exercise of ordinary care he could have avoided the consequences to himself caused by the defendants' negligence, where the court elsewhere in the charge clearly instructs the jury that the plaintiff was under a duty to exercise ordinary care to avoid the consequences to himself caused by the defendants' negligence, and that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendants' negligence he would not be entitled to recover. The court in the present case clearly and distinctly, separately, without modification or qualification, thereby charged the jury that "if the deceased daughter of the plaintiff could have avoided to herself the consequences of the defendants' negligence, if any, after it arose and was impending, or in the exercise of ordinary care should have known of such negligence, if that appeared, then the plaintiff could not recover." The court also elsewhere, clearly and distinctly, separately, and without modification or qualification of what he had charged, instructed the jury that there can be no recovery if the injury is caused by the negligence of the injured person or is done by his consent. *Macon & Birmingham Ry. Co.* v. *Anderson,* 121 *Ga.* 666 (49 S. E. 791); *S. A. L. Ry. Co.* v. *Sarman,* 38 *Ga. App.* 637 (144 S. E. 810); *Georgia Power Co.* v. *Mendelson,* 45 *Ga. App.* 82 (163 S. E. 243).

The court also, elsewhere in the charge, and this is not excepted to, instructed the jury that if the defendants and the plaintiff's

deceased daughter also were negligent, the plaintiff, if she was entitled to recover, could recover damages in proportion to the negligence chargeable to the daughter, provided the deceased daughter was not guilty of negligence which amounted to a failure to exercise ordinary care. While the court here did not in express language state that if the plaintiff's deceased daughter and the defendants were both negligent, and if the plaintiff was entitled to recover she could recover damages in a diminished amount in proportion to the amount of default attributable to the daughter provided the latter could not, by ordinary care, have avoided the consequences to herself caused by the defendants' negligence, or that the accident was not caused by her consent or by her own negligence, the instruction to the effect that there could be no recovery if the plaintiff's deceased daughter was guilty of negligence which amounted to a failure to exercise ordinary care included an instruction that there could be no recovery if the plaintiff's deceased daughter could, in the exercise of ordinary care, have avoided the consequences of the defendants' negligence, or if the injury was caused by her consent, or by her own negligence. This charge was more favorable to the defendants than the law required. See *Berry* v. *Jowers*, 59 *Ga. App.* 24 (200 S. E. 195).

*Judgment affirmed. Felton, J., concurs. Sutton, J., dissents.*

Sutton, J., dissenting. The charge of the court excepted to and dealt with in the second, third, and fourth divisions of the majority opinion of the court was as follows: "The law declares that if the deceased daughter of the plaintiff could have avoided to herself the consequences of the defendants' negligence, if any, after it arose and was impending, or in the exercise of ordinary care she should have known of such negligence, if that appeared, then the plaintiff could not recover; so it becomes a question of fact for you to determine from all the facts and surrounding circumstances whether or not the deceased daughter of the plaintiff exercised ordinary care, or failed to do so. In this connection, gentlemen of the jury, I read you the following law: 'No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agent of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default at-

tributable to him.' " This charge was error for the reason that the court gave, in substance, Code, § 105-603, and, in immediate connection therewith, Code, § 94-703, without proper explanation or qualification. In other words, the court gave in charge the law as contained in Code, § 94-703, without qualifying it by the law as contained in Code, § 105-603, that is, it failed to instruct the jury in this connection that if the plaintiff by the exercise of ordinary care could have prevented the injury she could not recover. This has been held to be reversible error many times. *Americus R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105) ; *M., D. & S. R. Co.* v. *Moore,* 99 *Ga.* 229 (3) (25 S. E. 460) ; *Southern Railway Co.* v. *Watson,* 104 *Ga.* 243 (30 S. E. 818) ; *Western & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802) ; *S., F. & W. Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239) ; *Columbus Railroad Co.* v. *Peddy,* 120 *Ga.* 589 (48 S. E. 149) ; *Macon & Birmingham Railway Co.* v. *Anderson,* 121 *Ga.* 666 (49 S. E. 791) ; *Macon Railway & Light Co.* v. *Streyer,* 123 *Ga.* 279 (51 S. E. 342) ; *Southern Railway Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180). See also my dissenting opinion in *Berry* v. *Jowers,* 59 *Ga. App.* 24 (200 S. E. 195). This charge was calculated to have caused the jury to believe that where the plaintiff was guilty of some negligence, and where the defendants were guilty of negligence proximately causing the injury, the plaintiff could recover, although by the exercise of ordinary care she could have prevented the injury to herself. For these reasons I dissent from the rulings in the third and fourth divisions of the majority opinion of the court.