| 53 | 609 |
| 125 | 737 |

THE MAYOR AND CITY COUNCIL OF MADISON, plaintiff in error, *vs.* ROBERT N. BOOTH, defendant in error.

1. The owner of a lot in an incorporated town leaves the outer strip of his lot fronting on the public highway or street, open and unfenced. Over this uninclosed part the public were accustomed to pass, as a sidewalk, for upwards of twenty years; but no assertion of municipal authority over it was shown by any ordinance for widening the street, or by any act, such as working it, etc., showing any control over it by the public, except the use of it, as stated. The owner, during this time, used this open front as a necessary way of access, both on foot and by wagon, to his residence and to his workshop situated thereon; had filled up an old ditch that run the length of the front, and had, by opening a way for the water that flowed from a higher point, protected this portion of the lot from being washed. He also used a portion of the open front to keep wagons and other vehicles which were carried to his shop for repairs:

*Held*, that this constituted no such dedication of this front to the exclusive use of the public as to vest in the authorities of the town the right, by way of improving the street, to open or ditch upon and through the whole length of the uninclosed front, so as to seriously obstruct the ingress and egress of the owner to and from the balance of his property.

2. As the evidence shows that the jury assumed as the measure of damages, the injury done to plaintiff's land by permanently keeping the ditch open, the judgment is affirmed on the condition that the plaintiff will enter on the minutes of the court a renunciation of any claim to further damages, with permission to the city to keep said ditch open, and to make future necessary repairs thereon.

Municipal corporations. Streets. Dedication. Before Judge BARTLETT. Morgan Superior Court. September Term, 1874.

This case is sufficiently reported in the above head-notes.

BILLUPS & BROBSTON, for plaintiff in error.

A. G. & F. C. FOSTER, for defendant.

TRIPPE, Judge.

1. As stated by the reporter, the facts are pretty fully given in the head-notes. The title of Booth to the strip of land was fully proved and was not contested. By not extending his inclosure to the limit of his lot, an outside narrow front was left adjoining the highway, and the public were accustomed to pass over this as a sidewalk. He had also used it for his own purposes, protected it from being washed by the rains, made it the way for access both to his dwelling and his workshop, and kept wagons and other vehicles on it which were brought to his shop for repairs. Even if this use by the public would bar the owner from denying it to them hereafter, it did not authorize the authorities of the town to dig a ditch through its length so as to cut off the owner from the approaches to his own premises, where his family lived, and likewise to obstruct the ingress and egress of his customers to his shops where he earned his living. It is, to say the least, doubtful whether the owner had lost the right, if he chose to do so, to inclose this strip and assert his exclusive use of it. The case of Irwin *vs.* Dixon *et al.*, 9 Howard, 10, presented but few additional facts beyond what this case shows in behalf of the owner's right to fence in a portion of a lot belonging to him, which had been used for a long time as a highway in the city of Alexandria. His right so to do was sustained by the supreme court of the United States: See, also, 3 Bingh., 447; 11 East, 370; 30 *Georgia*, 896; 44 *Ibid.*, 529; 22 Pick., 75. Without determining that question, as it is unnecessary to the judgment we render, it is sufficient to say we are satisfied he was entitled to damages for the injury he has sustained.

2. From the evidence, it appears that the jury assumed, as the measure of damages, the injury which the plaintiff would suffer by permanently keeping the ditch open. As the city of Madison has asserted its dominion over this strip of land, and plaintiff's counsel states that he is ready to remit all claim for any future damages, the judgment is affirmed on condition that he makes such an entry on the minutes of the court,

with such further permission to the city as will authorize them to make future necessary repairs on the ditch, etc., all of which will be specified in the judgment.

Judgment affirmed.