TIFT & COMPANY *vs.* DUNN.

In 1881, a conveyance of personalty to secure a debt with bond to reconvey upon payment, under the provisions of §1969 of the code, was not required to be recorded, but everybody was chargeable with notice thereof, and one who took from the debtor a mortgage on the property did so at his peril. The act contemplated that the grantor might remain in possession of the property. Where such a conveyance was made with bond to reconvey on payment, the title passed to the grantee; and where subsequently the debtor gave to a firm a mortgage on the same property, and still later surrendered to the holder of the conveyance the bond to reconvey, and the grantee thereupon conveyed to another, the title acquired by such party was not subject to the mortgage, although the mortgagees had no knowledge, at the time of taking their mortgage, of the prior conveyance, the transaction between the debtor and his grantee being conceded to have been fair and honest.

March 2, 1888.

Mortgages. Title. Debtor and creditor. Notice. Record. Before Judge BOWER. Dougherty superior court. April term, 1887.

Reported in the decision.

W. T. Jones, for plaintiffs.

J. W. Walters and C. B. Wooten, for defendant.

Blandford, Justice.

In 1883, Parmalee executed a mortgage upon certain personal property to Tift & Co. In 1881, he had conveyed to Hobbs the same property and certain real property, under the act of 1871, (code, §1969,) to secure Hobbs for advances made to him by Hobbs, Hobbs executing a bond to reconvey to him upon the payment of the debt. Subsequent to the mortgage to Tift & Co., viz. in 1884, Parmalee surrendered to Hobbs the bond to reconvey, and Hobbs conveyed the property to Dunn, the claimant in this case

Upon the trial of the case, the court held that, under the facts above recited, Tift & Co. were not entitled to recover; that Hobbs's deed from Parmalee was superior to the mortgage from Parmalee to Tift & Co. The jury found in favor of Dunn, the claimant. Tift & Co. thereupon moved for a new trial, which was refused, and they excepted.

The main point in contention was, that when Tift & Co. took this mortgage from Parmalee, they had no knowledge of the deed or bill of sale to this personal property made by Parmalee to Hobbs; that it had not been recorded, and even if it had been, would have constituted no notice to them; and upon this ground they insisted that their mortgage was superior to any right which Hobbs had before he conveyed to Dunn, and to any right which Dunn obtained under his deed from Hobbs. It was conceded that the transaction between Hobbs and Parmalee was fair and honest.

The act of 1871, (code, §1969,) above referred to, under which this conveyance from Parmalee to Hobbs was made, did not require any record of the deed or bill of sale made under that act to secure the payment of a debt. When

this conveyance was executed, there was no law then of force which required such instruments to be recorded; hence we think that everybody was chargeable with notice of the conveyance, and that Tift & Co. took the mortgage at their peril. The act of 1871 declares that the conveyance made under the act shall pass the title to the property, and the title to this property was therefore in Hobbs. It was contemplated by the act that the grantor might remain in possesion of the property conveyed as security for the debt.

We think the ruling of the court was right, and the judgment is affirmed.