MANDELL *et al.* v. FULCHER, administrator.

1. The question being whether certain lands which the administrator held were assets of his intestate and therefore liable for the payment of the debts of the latter, or whether they were first liable for the payment of debts contracted by his wife, the administrator contending that his intestate took the land by inheritance from her, and that at the time of her death the property was charged with the payment of debts due by her to the administrator and others; and the administrator having testified that he was the owner of a note signed by her and his intestate which had been lost, and having shown by other witnesses that they had seen such a note in his hands and that the paper presented was a true copy, in substance, of the original, which was in the handwriting of the intestate and his wife, the copy was admissible in evidence.

2. Touching certain issues in the case, particularly as to the amount of money that might be due by the intestate's wife to the administrator, a sheriff's deed conveying a large body of land, including that in question, to the administrator, after sale under executions for State and county taxes for several years against the intestate as trustee, and a subsequent deed from the administrator to his intestate's wife conveying this land, were admissible in evidence; they being offered to show title to this land in the wife, and it being admitted by the administrator that this was the title on which he relied, and that his intestate had never been the trustee of the property under any written appointment. Whether or not the levy and sale were void for excess, they were recognized as correct by the wife, who owned the land in part at least; and whether her purchase from the administrator amounted to a redemption need not be considered.

3. A note written by a former attorney of the wife, to the effect that she wished to borrow money on the land, was objectionable as sayings of a third person unconnected with this case, it not appearing that he had any authority to write such a note.

4. Requests to charge which were inapplicable, immaterial or unsupported by evidence, were properly denied.

5. If there be errors in the charge as given, they ought not to cause the setting aside of the verdict, which was right according to the evidence.

November 12, 1890.

Estates. Administrators. Evidence. Title. Deeds. Redemption. Levy. Trusts. Charge of court. Husband and wife. Tax. Practice. Before Judge RONEY. Richmond superior court. October adjourned term, 1889.

For the previous parts of this litigation see 55 *Ga.* 68, and 83 *Ga.* 715.

FRANK H. MILLER, for plaintiffs.

W. W. MONTGOMERY, for defendant.

BLANDFORD, Justice.

The question in this case was, whether certain lands which James A. Fulcher held in his hands as the administrator of Armstead A. Fulcher (deceased) were assets of the deceased and therefore liable for the payment of his debts, or whether the land was first liable for the payment of debts contracted by the wife of the deceased before the same became liable for the payment of the debts due by deceased. The defendant in error contended that Armstead A. Fulcher took this land by inheritance from his deceased wife, Mary A. Fulcher, and that at the time of her death this property was charged with the payment of certain debts due by the said Mary A. Fulcher to himself and others, amounting to the sum of $1,300.00. Upon the trial of the case James A. Fulcher, the administrator, testified that he was the owner of a certain promissory note for $1,000.00; that the same had been lost; and he offered testimony by other witnesses to show that they had seen such a note in the hands of himself, signed by the said Mary A. Fulcher and Armstead A. Fulcher, her husband. Another witness was introduced who testified that he had seen the original note which was said

to have been lost, and that the copy presented was a true copy, in substance, of the original; that he was acquainted with the handwriting of Mary A. Fulcher and Armstead A. Fulcher, and that said original note was in their handwriting. Defendant in error then offered the copy note in evidence, which was objected to by counsel for the plaintiffs in error. The objection was overruled, and this is one of the first assignments of error. We can see no error in the admission of the copy note in evidence with the proofs accompanying the same.

Defendant then offered, as evidence to show title to this land in Mary A. Fulcher, executions for State and county taxes for several years against A. A. Fulcher, trustee, with levies of them upon 750 acres of land, including the land in question, together with a sheriff's deed made February 4th, 1879, conveying the land to J. A. Fulcher by virtue of a sale made under these levies. These executions amounted to $166.75. Also, a deed from J. A. Fulcher to Mary A. Fulcher, dated February 5th, 1880, conveying this land, the consideration therein stated being $212.81. It was admitted by defendant's counsel that this was the title upon which he relied, and that Armstead A. Fulcher had never been the trustee of the property under any written appointment. This evidence was objected to, upon the ground that the sheriff's deed was void on its face in conveying so large a tract of land for so small a consideration; and afterwards, when it was admitted over this objection, plaintiffs moved to exclude it upon this same ground and on the additional ground that the two deeds, to wit, the deed from the sheriff to J. A. Fulcher and from J. A. Fulcher to Mary A. Fulcher, amounted to a redemption of the property by Mary A. Fulcher. The court overruled this objection, and admitted the evidence. We think the testimony was admissible, as

it bore on some of the issues of the case, particularly as to any amount of money which might be due by Mary A. to James A. Fulcher. Whether this levy and sale by the sheriff was void on account of being excessive or not, Mary A. Fulcher, who was the owner of this land, in part at least, recognized the levy and sale as correct; and whether her purchase from James A. Fulcher amounted to a redemption of the property, it is unnecessary for us now to consider. If the contention of counsel for the plaintiffs in error be correct, that deed was void; and if not void, then nothing passed under it but the life estate of Mrs. Fulcher, and at her death, which occurred before that of her husband, her individual rights under the deed from the sheriff to J. A. Fulcher and from J. A. to her terminated, and the property then passed under the provision of the original trust deed from Fulcher to Boyd absolutely as to one half thereof to Armstead Fulcher, free from the claims of the said Mary A. We cannot see how this testimony in any way injured the plaintiffs in error. We understand that the trust deed from Armstead Fulcher to Boyd, as trustee, conveyed this land to Boyd for the use of Armstead and Mary A. Fulcher during their joint lives, and for the use of Armstead during his life, and at his death one undivided half thereof to go to his wife, Mary A. So when Mary A. died, the title passed to Armstead in fee, he and the said Mary A. having no children; but if the property was encumbered with debts at the time of the death of Mary A., which she had contracted for supplies for herself and husband, then her husband (Armstead) could not have a title to this land until those debts were paid, and he died shortly thereafter. And if the value of the estate which Armstead Fulcher received in consequence of the death of his wife did not exceed the amount of the indebtedness of the wife at the time, then there

could be nothing in the hands of the administrator, James A. Fulcher, subject to the payment of the debts of Armstead A. Fulcher. The debts of Mary A. Fulcher were a charge upon this land which were to be paid before any debt of Armstead Fulcher. We do not very clearly perceive why the plaintiffs in error should have objected to this testimony.

A certain note, written by a former attorney of Mrs. Fulcher, to the effect that she wished to borrow money on her land at McBean (the land in question appearing from the deed to be situated near McBean station), was offered in evidence by the plaintiffs in error, to the introduction of which the defendant in error objected. The court sustained the objection, and plaintiffs excepted. We think the court was right to rule out this testimony. It was nothing but the sayings of a third person in no way connected with this case, it not appearing that the attorney had any authority or power to write such a note.

Complaint is made because of the refusal of the court to give certain requests to charge made by the plaintiffs in error, as follows:

(1) "The note dated October 24, 1885, is joint and several as to its terms, but by the consideration recited therein is joint. If you find that the supplies were furnished for the joint use of Fulcher and his wife, the debt as to the supplies is the husband's alone." We think this request was properly refused by the court. By the very terms of the deed of settlement made by Armstead Fulcher to Boyd, as trustee, he had a right to be supported out of that estate; and if the trustee ceased to act, and the wife acted in that behalf, she was bound to furnish supplies for her husband's use.

(2) "If it appears from the evidence that any portion of the indebtedness represented by the note was that of Armstead Fulcher individually, and that the same was

consolidated with a claim against the wife, then the note as a whole is void." We think this request was also properly refused, as there was no evidence to show that any part of the debt of Armstead Fulcher individually was consolidated with the claim against the wife, except the debt of Armstead Fulcher before the trust deed was made to Boyd. This was an incumbrance on the property conveyed by the trust deed, and Mary A. could incur a debt to remove this incumbrance, and it would be her debt.

(3) "If the property is sold under a tax *fi. fa.* against a trustee, and bid off by a purchaser who knows of the trust and conveys the property back to the life tenant, the same amounts in law to a redemption of the property and vests the title as it stood before." Whether or not this request was proper to be given to the jury, is wholly immaterial under the facts in this record; and so with the fourth request, which is as follows :

(4) "That under the sheriff's deed of February 4th, 1879, to J. A. Fulcher, nothing passed but the life estate of Mrs. Fulcher and Armstead Fulcher, and that when J. A. Fulcher reconveyed to M. A. Fulcher, he only conveyed back to her her life estate and nothing more."

It is complained that the court erred in charging the jury, at the request of defendant in error, as follows : "A sale of property by the sheriff under tax *fi. fa.* and a failure to redeem the property by the delinquent tax-payer within twelve months by paying the purchaser at such sale the purchase money and ten per cent. on it, conveys the absolute fee simple title to said purchaser divested of all former trusts which have covered the property before the sale." While we are not prepared to admit that this charge of itself is correct, yet we cannot see how it affected the plaintiffs in any way whatever.

Again, exception is taken to the following charge which was given by the court at the request of defend-

ant's counsel : " If the jury find that the land levied on was bought by the defendant at a tax sale, and deeded the same to Mrs. Fulcher ; that afterwards she, jointly with her husband, gave defendant a note for land and supplies, she signing the note first, then the note is a debt of the wife and must be paid before said land can be appropriated to the payment of her husband's debts." We do not perceive the vice in this charge, construed in the light of the evidence.

Plaintiffs in error further except to the following request to charge made by defendant in error : " Where a note is given, a consideration is presumed ; the holder is not required to show it."   This, abstractly, is a correct proposition of law, and we do not see why it is not correct as applied to this case.

Exception is taken also to the following charge of the court, given at request of defendant's counsel : " A note sued on cannot be denied except on oath."   Abstractly, this is a correct charge, but its applicability to this case is much to be doubted, and in a close case upon the facts we would be inclined to reverse the judgment. But inasmuch as this case has been here several times before, and has also been tried by a jury, and we are satisfied that the verdict of the jury was right according to the evidence in the case, we do not feel disposed to reverse the case for this error.   *Judgment affirmed.*