## BONEY *v.* CITY OF DUBLIN.

A petition in an action by a pedestrian against a municipal corporation for damages on account of personal injuries received from a fall caused by stepping on a banana peel on a much-frequented sidewalk in the business section of the city was demurrable as failing to set forth a cause of action, where the only allegation as to omission of duty upon the part of the municipality was the general allegation that the city negligently allowed objects of that character to remain on the sidewalks of the city, and the only allegation as to notice to the city of the presence of the object on the sidewalk was that from the color of the particular banana peel it appeared to have been discarded from twenty-four to twenty-eight hours, and that banana peels were frequently to be found on the sidewalks of the city, and the particular peel gave evidence by its partially dried and browned condition of having been on the sidewalk for sometime.

JUNE 14, 1916.

Action for damages. Before Judge Kent. Laurens superior court. July 30, 1915.

*J. S. Adams* and *Larsen & Crockett,* for plaintiff.

*W. C. Davis,* for defendant.

ATKINSON, J. This is a case of injury to a pedestrian, resulting from a fall caused by slipping when stepping on a banana peel which was on a much-used sidewalk in the City of Dublin. It is not a case of defect in the sidewalk arising out of improper construction or failure to repair, but of mere omission to remove an object from the sidewalk which was not shown to have been placed there by the municipality or by its permission. The basis of liability relied on by the plaintiff is negligence on the part of the defendant, and non-performance of its ministerial duty relatively to keeping its sidewalks in a safe condition. The degree of care exacted of municipal corporations in regard to keeping their sidewalks in safe condition for pedestrians to walk on is ordinary

care.   Civil Code, § 897; *City of Atlanta* v. *Hampton,* 139 *Ga.* 389
(77 S. E. 393); Dillon on Municipal Corporations, §§ 1697, 1711;
*Mayor &c. of Jackson* v. *Boone,* 93 *Ga.* 662 (3), 666 (20 S. E. 46).
The case of *City of Rome* v. *Suddeth,* 116 *Ga.* 649 (42 S. E. 1032),
was where two large stones had been placed at the intersection of
two streets, and the plaintiff's horse, becoming frightened at the
stones, ran away and caused injury.   A judgment overruling the
defendant's general demurrer was reversed.   In the course of the
opinion it was said by Candler, J.: "While the declaration alleges
that the city allowed the stones to be so placed, and further charges
that the city was negligent in permitting them to remain as they
were, it does not necessarily follow that the city had actual notice
that the stones had been put upon the side of the street as charged
in the petition.   Municipal corporations are not liable for defects
in their streets, when there has been no negligence in constructing
or repairing them, 'when it has no notice thereof, unless such de-
fect has existed for a sufficient length of time for notice to be
inferred.'   Pol. Code, § 749.   It follows that where an object or
objects which would not ordinarily cause a reasonably roadworthy
horse to take fright are placed, by some one other than a servant
or agent of the municipal corporation, on the side of a street, as a
result of which one is injured by the running away of a horse
frightened at such object, unless the city authorities had actual
knowledge, or a sufficient time had elapsed to charge them with
notice of the fact that these objects were on the streets, the cor-
poration should not be held liable; and a declaration which, rea-
sonably construed, alleges that the objectionable objects were placed
upon the street by some one other than a servant of the city, and
which does not allege that the city authorities knew or were charge-
able with knowledge that this state of facts existed before the in-
juries complained of were received, is defective.   *Enright* v. *At-
lanta,* 78 *Ga.* 289."   See also Civil Code, § 898.   The doctrine
announced in the foregoing excerpt is recognized in the later cases
of *Bowen* v. *Smith-Hall Grocery Co.,* 141 *Ga.* 724 (82 S. E. 23,
56 L. R. A. (1915D) 617); *Aaron* v. *Coca-Cola Bottling Co.,* 143
*Ga.* 153 (84 S. E. 556).   The case of *De Velin* v. *Swanson* (R. I.),
72 Atl. 388, was where a person sustained injury by slipping from
having stepped on a banana peel on the floor of a store.   It was
held, that, "in the absence of evidence that the defendant [the

storekeeper] had notice that the peel was on the floor, or that it had been there so long as to constitute implied notice," the defendant was not liable. The case of Archer *v.* Town of Johnson City (Tenn.), 65 S. W. 474, was decided on demurrer. Allegations were made which in substance set forth that at a certain locality the city permitted the habitual placing on the sidewalk of fruit rinds and other articles of similar character, to such an extent as to render travel thereon dangerous, and that at this place the plaintiff, while walking along the street in the exercise of ordinary care, stepped on one of the rinds, which slipped and caused her to fall and sustain injury. The petition was held not subject to general demurrer. In reaching this conclusion the court announced and applied the following rules: "While cities are not insurers of the safety of their streets and sidewalks, yet they are required to keep them in a reasonably safe condition for persons traveling in the usual modes by day or night and exercising ordinary care. . . 'Objects carelessly left on sidewalks, which are calculated to prevent safe walking, must be removed within a reasonable time.' The duty of removal of such obstructions to safe travel over the sidewalks, as in the case of keeping clear the streets for the safety of those using them, presupposes actual or constructive knowledge of such obstructions. But notice once fastened upon the municipality, the duty of removal within a reasonable time arises, and a right of action accrues to one who, in the exercise of due care, receives injury from a disregard of such duty." It was also said: "But it is insisted that the declaration in this case is vitally defective in that the plaintiff fails to aver that the particular refuse, or peels which were the occasion of her injury, were upon the sidewalk within the actual knowledge of the corporation, or had lain there for a length of time from which knowledge of their existence could be imputed to it. We think the averment that, with the knowledge and the permission of the city for a long time before the date of the injury, the nuisance complained of was daily and habitually committed, is a sufficient answer to this objection. A corporation which permits its sidewalks to be rendered unsafe by daily recurring nuisance, such as is here charged by the plaintiffs, would scarcely be allowed to put an injured party to the proof suggested by this objection." It thus appears that while on different facts a different result was arrived at, the court recog-

nized and applied the same general principles which were applied in the cases first cited. The present case is more like the former. As indicated by the remarks in the beginning of this opinion, the action is predicated on mere omission of the city to clear its sidewalks of objects of the character described, which might have been casually dropped thereon. There was no charge of continued nuisance by the habitual throwing of such objects at the place where plaintiff was injured, or of notice to the defendant of the presence of the peel, and of its dangerous character, before the injury. The allegation that the banana peel "bore the appearance of having been discarded from 24 to 38 hours" was not a charge that it had been on the sidewalk for that length of time, nor was the allegation that "the city knew or might have known that the said peel was or might be expected to be where it was lying, because, as petitioner has since learned, they are frequently to be found upon the walks of the said city; that the particular peel gave evidence, by its partially dried and browned condition, of having been sometime on the walk," an allegation that the peel had been on the walk for any length of time, or an allegation of actual notice to the city that it was there. See *Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 459 (79 S. E. 130).

Reduced to its last analysis, the plaintiff's claim for damages, as alleged, rests upon the isolated instance of a banana peel casually dropped on the sidewalk by an undisclosed person, without actual or implied notice to the city, and injury to the plaintiff from having stepped thereon and fallen. When the law, as announced in the foregoing cases, is applied, there is no basis for a charge of negligence against the city. The injury is more properly to be classified as an accident.

*Judgment affirmed. All the Justices concur.*