### 34609. ATLANTIC COAST LINE RAILROAD COMPANY et al. v. LAYNE.

DECIDED JULY 7, 1953—REHEARING DENIED JULY 30, 1953.

676

*Marshall, Greene, Baird & Neely, B. Hugh Burgess,* for plaintiffs in error.

*James R. Venable, John L. Respess, Jr., Hubert C. Morgan,* contra.

GARDNER, P. J. ■ We shall first deal with the exceptions pendente lite to the judgment overruling the demurrers of the defendants. Under the amendment to the petition, after the remittitur was made the judgment of the court below, we are of the opinion that the petition set out a cause of action. See division 1 of the court's opinion when the case was here before, and particularly this excerpt from that opinion: "The intention to dedicate need not be shown by an express declaration to that effect. Such intention may be inferred from an acquiescence by the owner in the use of his property by the public. But the use must be of such a character as to clearly indicate that the public has accepted the dedication of the property to the public use. The acceptance need not be express, but if the way be used by the public and worked or treated by the public authorities as a part of a system of public highways in the place where the way is claimed, and this is continued 'for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment,' the dedication to the public use is complete as against the owner of the fee." *Atlantic Coast Line R. Co.* v. *Sweatman,* 81 *Ga. App.* 269 (58 S. E. 2d 553), citing *Mayor &c. of Madison* v. *Booth,* 53 *Ga.* 609; *Parson* v. *Trustees, etc.,* 44 *Ga.* 529; *Ga. Railroad Company* v. *Atlanta,* 118 *Ga.* 486 (5 S. E. 256); *Kelsoe* v. *Oglethorpe,* 120 *Ga.* 951 (48 S. E. 366). We are of the opinion and so hold that the court did not err in overruling the demurrers to the petition as amended.

■ ■ We come next to consider the motion for new trial. We will consider the general grounds first. We deem it advisable at the outset, to set forth the allegations in count 2 for the reason

that throughout the brief covering the general grounds, as well as the special grounds, these allegations and the evidence and the law pertaining thereto are discussed. We will not set forth paragraph 6 and the amendments thereto, since we have quoted that hereinbefore. The petition, omitting the formal parts and paragraph 6, reads as follows:

"1. The defendants, Atlantic Coast Line Railroad Company and Louisville & Nashville Railroad Company, lessee of the Georgia Railroad, are railroad corporations, having an office and agent, and operate and maintain a line of railway in and through said State and county.

"2. The defendant, Georgia Railroad & Banking Company, owns a line of railroad in and through said county, and has an office, agent and place of business in said State and county.

"3. The defendants have injured and damaged petitioner's daughter, Mary Joyce, in the sum of $25,000.

"4. On the evening of February 20, 1948, Mary Joyce, while in the act of crossing the mainline railroad tracks of the defendants in this county, between Atlanta in Fulton County and Decatur in this county, at a point one mile west of Decatur and over what is commonly known as the 'Meads Station Crossing', fell and received several severe and permanent personal injuries, causing her to be hospitalized for over three months and for which she is still under medical care.

"5. Petitioner shows that said 'Meads Station Crossing', over defendants' said tracks is now used and has been used continuously by the public as a crossing or [way] over these tracks from the streetcar station on the northerly side thereof to College Avenue and environs on the southerly side thereof, and same has been so used for more than 20 years continuously and with defendants' acquiescence and consent.

"7. Petitioner shows that under the law and specifically under the mandatory provisions of Code section 94-503, it was the duty of said defendants to 'keep in good order, at their expense,' such foot crossing and way over their said railroad tracks.

"8. Petitioner further shows the defendants' servants and employees, and particularly those in charge of the maintenance and upkeep of defendants' tracks and right-of-way, have failed and neglected to keep that portion of said crossing over the rail-

road tracks in a state of repair and good order, but have placed or caused to be placed loose rocks between the cross ties and the rails at the point where this road way crosses said tracks and have made no effort to keep the same in a safe and proper condition.

"9. Peitioner shows that defendants have failed and are failing and neglecting to comply with the duty imposed on them by said Code section 94-503 to keep said public road and way crossing over their tracks in good order and repair, at their expense, and as a result thereof, petitioner, in attempting to use said crossing to cross from the southerly side to the northerly side, as same was continuously used by the public and for which it was established, stepped upon said loose rocks and was caused to stumble, lose her footing and to trip on the northern-most rail of the north tracks of defendants and caused to violently fall and to become injured as alleged herein.

"10. At the time Mary Joyce sought to cross defendants' said tracks over said foot crossing it was nearing evening and the loose stones were not readily visible, and she would not have stumbled and tripped on said rail and fallen had she not been caused to stumble by stepping on loose rocks which rolled under her feet.

"11. Petitioner shows that such rocks, if necessary to reinforce and strengthen the tracks and road bed of defendants at this point should have been packed and tamped into the ground so that same would not be loose and roll when persons stepped thereon.

"12. Petitioner shows that said loose rocks were either placed between said rails and ties by defendants or that the defendants' agents and servants in charge of the upkeep and repair of defendants' tracks, road bed and right-of-way knew thereof or by the exercise of due care should have known thereof.

"13. Petitioner shows that defendants' negligence in the following particulars was the direct and proximate cause of her injuries, to wit:

"(a) In failing and neglecting to keep said crossing at Meads Station in good order in violation of Code section 94-503 which makes it the mandatory duty of defendants to keep said crossing in good order, and defendants were negligent per se in failing and neglecting to comply with said statute.

"(b) In placing or causing to be placed rocks and stones between the rails and cross ties on their railroad tracks at said crossing and failing to pack or tamp the same or otherwise making same secure and so that they would not become loose and roll when stepped upon.

"(c) In failing to keep and maintain the rocks and stones between the ties and rails on defendants' tracks and said crossing in a secure state and condition and in failing to keep same from being loose, and in failing to keep and maintain said crossing between and over defendants' tracks and roadbed in good order and in a state of repair and so as to prevent the rocks between the cross ties and rails from being loose and rolling where petitioner stepped thereon.

"(d) In failing to keep and maintain said crossing in a safe condition.

"14. Petitioner shows that by reason of defendants' negligence aforesaid, Mary Joyce, his daughter, was caused to fall and her left leg and knee bruised, lacerated, sprained and torn, and a large place so cut therein as to leave a big scar on her left knee and leg shaped like an 'X', and to cause her left knee joint to be stiff; and he shows that she suffered much pain and still suffers therefrom, that she was compelled to remain hospitalized over three months, and is still being treated by doctors; and he further shows that when she fell as aforesaid she received internal injuries in her abdomen from which she suffered and still suffers."

The evidence is quite lengthy, containing approximately fifty pages. We will not give it in detail. The evidence for the plaintiff shows: that the City of Decatur, through a traffic officer, directed traffic over the passageway or crossing in question for more than 20 years—almost 30 years; that during this time school children by the thousands used this passageway over the railroad going to and from schools; that in the morning and afternoon on school days the policeman of Decatur, under the direction of the city authorities, directed this traffic, and that adults living on either side of the railroad track continuously used the passageway in question both day and night; and that on the north approach to the said passageway or crossing numbers of stepping stones or stone blocks for use in approaching

the railroad tracks and leaving the railroad tracks had been placed for the use of persons using the crossing. The evidence shows that the city authorities for 20 years or longer had kept the grass mowed and the shrubbery trimmed up to the end of the railroad ties in order to keep this crossing clear for the use of school children and adults in crossing at this point. The "working" of the traffic as to this passageway and the use of this passageway and crossing had been continued by direction of the city authorities for more than 20 years, as stated hereinabove. The evidence further shows, by testimony introduced both for the plaintiff and for the defendants, that there was no barrier erected across this passageway by the railroad company, and no warning signs of danger and no contentions on the part of the railroad company that it was "Dangerous, private property," or "To keep off." The evidence for the defendants reveals that other crossings of a similar character were, some of them barricaded, and some of them marked with such warning signs. There is evidence that there was no express dedication by the defendants to the City of Decatur of this passageway or crossing, and no acceptance of it as such by the city. The only evidence relative to this crossing becoming a public crossing, in the meaning of the law, is by implication by its being used by the public and worked or treated by the public authorities as a part of a system of public highways in the place where the passageway is claimed and continuously used for a period of more than 20 years. So, if this be true as shown by the allegations of the petition, supported by the evidence—and we are of the opinion that they do —the crossing or passageway now under consideration stands on on the same footing as other public streets and highways intersecting railroads within the city limits of the City of Decatur.

■ This being so, the provisions of Code § 94-503, prevail. That section reads: "All railroad companies shall keep in good order, at their expense, the public roads or private ways established, pursuant to law, where crossed by their several roads, and build suitable bridges and make proper excavations or embankments according to the spirit of the road laws." The question for determination is, did the defendants in the instant case comply with the provisions of the Code section immediately hereinbefore quoted? Let us inquire as to that.

We will not detail all of the evidence as to whether or not the defendants failed or complied with the provisions of the Code section under consideration. Suffice is to say that a number of photographs were introduced, showing that the railroad did no act to construct and maintain this passageway or crossing in a manner to make it reasonably safe for the public use. The evidence discloses no effort on the part of the defendants to do so other than they did put ballast, consisting of rock or stone, between the railroad ties, these rocks or stones being up to the size of a fist. The defendants did not tamp these rocks across this passageway between the crossties; they did not put asphalt or anything else there so far as the evidence shows, in order to make this passageway or crossing safe for public use. On the contrary, the evidence shows that they did not do so, although the defendants did, at a number of other passageways similar to this one, put asphalt and other materials sufficient to make such similar passageways reasonably safe as public crossings. In this phase of the case and comparing the issue immediately before us as to whether the defendants did comply with the provisions of that Code section, the defendants cite a number of decisions, as follows: *City of Atlanta* v. *Georgia R. & Bkg. Co.* 148 *Ga.* 635 (98 S. E. 83) ; *Frazier* v. *Georgia R. & Bkg. Co.*, 108 *Ga.* 807 (33 S. E. 996) ; *Central of Ga. Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493) ; *Butler* v. *Jones,* 85 *Ga. App.* 158 (68 S. E. 2d 173) ; *City of East Point* v. *Mason,* 86 *Ga. App.* 832 (72 S. E. 2d 787).

In this opinion we are endeavoring to treat the issues in the order in which they are named in the brief of counsel for defendants in error. In such brief, in dealing with the contention that the judgment should be reversed on the general grounds, the argument is overlapping. In this particular phase of the brief and argument, counsel for the defendants contend that the plaintiff should not recover because of her own lack of exercise of ordinary care to protect herself. It is clear that this is always a question of fact for the jury to determine and their finding is never to be disturbed unless the evidence is so clearly against such a plaintiff on such a question that no reasonable minds could differ on it. Usually, on this question, each case under its particular facts stands alone on its own bottom. Counsel for

the defendants, after making clear the contention of this issue in the instant case, in support of said contention cite: *Conaway v. McCrory Stores Corp.*, 82 *Ga. App.* 97 (60 S. E. 2d 631); *Banks v. Housing Authority of the City of Atlanta*, 79 *Ga. App.* 313 (53 S. E. 2d 595); *McMullan v. Kroger Co.*, 84 *Ga. App.* 195 (65 S. E. 2d 420); *Ford v. Lynch*, 79 *Ga. App.* 481 (54 S. E. 2d 320); *Hill v. Davison-Paxon Co.*, 80 *Ga. App.* 840 (57 S. E. 2d 680); *National Bellas-Hess Company v. Patrick*, 49 *Ga. App.* 280 (175 S. E. 255); *Avary v. Anderson*, 31 *Ga. App.* 402 (120 S. E. 683); *Lebby v. Atlanta Realty Co.*, 25 *Ga. App.* 369 (103 S. E. 433); *Mills v. Barker*, 38 *Ga. App.* 734 (145 S. E. 502); *Lane Drug Stores v. Story*, 72 *Ga. App.* 886 (35 S. E. 2d 472); *Tinley v. F. W. Woolworth Co.*, 70 *Ga. App.* 390 (28 S. E. 2d 322); *Moore v. Kroger Co.*, 87 *Ga. App.* 581 (74 S. E. 2d 481). A careful reading of the facts in those cases as compared with the facts in the instant case and the principle of law involved, will distinguish those cases from the instant case.

■ We come next to consider the special grounds embraced within the amended motion.

■ Special ground 1 is abandoned.

■ Special ground 2 sets forth and attacks an excerpt from the charge of the court to the effect that in order for the plaintiff to recover she must recover upon the acts of negligence set out in the petition, but that she need not prove all the acts, and that it would be sufficient for her to prove one or more of the acts. This charge is attacked as erroneous because the court did not charge that the case was based on negligence, and that negligence would have to be found in order that a recovery could be had, and also because the court failed to charge what duty was owed by the railroad company in the case, whether slight care, ordinary care, or whether there could be a recovery only for gross negligence. Counsel for the defendants in this ground call our attention to no decision to sustain the contention. This contention is without merit under the facts of this case and the law applicable thereto.

■ Special ground 3 excepts to the following excerpt from the charge: "If you find that this crossing was dedicated for public use and accepted by the authorities of the City of Decatur as a public way under the rule I have just given you, then

and in that event it would have been the duty of the defendants to maintain it in good order. If you find that there was such dedication, under the rule I have just given you, then you would look to the evidence and the law the court has given you in charge and ascertain whether or not the defendants kept said crossing in good order or whether they failed to keep same in good order, and if you find that they failed to keep such crossing in good order, then you would look to the evidence and the law the court has given you in charge and ascertain whether or not plaintiff's injuries were caused by the defendants' failure to keep said crossing in good order."

It is contended in the argument of counsel for the defendants that said excerpt was erroneous, as the court virtually made the railroad company an insurer. The court was but charging the principles of law as held correct by this court when this case was here before (81 *Ga. App.* 269). The court simply charged that if the passageway or crossing had become a public one by dedication on the doctrine of implication and if the jury should find under the evidence that the defendants had failed to comply with the provisions of Code § 94-503, the plaintiff would be entitled to recover. We have dealt with this question hereinbefore in both division 1 and division 2 of this opinion. When we take the excerpt in connection with the whole charge, this contention is without merit. Counsel for the defendants cite no authority in their brief to sustain this contention.

█ Special ground 4. Counsel contends that this ground shows error because the court failed to charge Code § 94-703. While the court did not charge that section verbatim, the charge as a whole covered the point fully. The authority cited by counsel for the defendant, *Central of Georgia Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117), has no application or force under the record in the instant case.

█ Special ground 5 complains of the following excerpt from the charge of the court: "I charge you, gentlemen, that if the plaintiff could have avoided to herself the consequences of the defendants' failure to maintain such crossing in good order, if you find that the defendants failed to keep such crossing in good order, and after such failure arose and was impending, if such did arise and could have been discovered by the plaintiff, if she

could have avoided the consequences to herself of defendants' failure to maintain such crossing in good order, by the exercise of ordinary care, if that existed, then the plaintiff could not recover."

Error is assigned on this excerpt for the reason that it is alleged that it was the duty of the railroad only to exercise ordinary care with reference to maintaining the crossing in good order, and that the plaintiff charged in her petition several grounds of negligence and nowhere did the court charge the principle of law regarding the plaintiff's duty to avoid the defendants' negligence, but limited the plaintiff's duty to avoid to the single ground of negligence with respect to violation of Code § 94-503. When we consider this charge as a whole, there is no error in these exceptions to the excerpts from the charge.

█ Special ground 6 complains of the following excerpt from the charge: "If you find, gentlemen, that the plaintiff was negligent, and that such crossing was dedicated to public use and that the defendants failed to maintain such crossing in good order, if you find that the negligence of the plaintiff was not equal to or greater than the negligence of the defendants in failing to keep such crossing in good order, if such is the case, and that the plaintiff could not, by the exercise of ordinary care, have avoided the alleged injuries to herself, then notwithstanding the plaintiff, to some extent, may have been negligent, she would be entitled to recover, and it would be your duty to compare the negligence of the plaintiff and the negligence of the defendants in failing to keep such crossing in good repair, and balance the one against the other, and if you find that the negligence of the defendant in failing to keep such crossing in good order was greater than the negligence of the plaintiff the plaintiff would be entitled to recover, but the jury should diminish the damages to the plaintiff in proportion to her negligence contributing to the injury."

Error is assigned on this excerpt as follows: The defendants contend that said charge confused the jury, as the court in effect charged the jury that they could give diminished damages in spite of the plaintiff's failure to avoid the defendants' negligence; in other words, the court did not make the giving of diminished damages dependent upon the finding that the plaintiff

did not fail to avoid the defendants' negligence, but the court separated the two doctrines entirely and gave each doctrine as a separate proposition. When we come to the charge as a whole, under the record of this case, the error assigned is without merit. The citations to which counsel for the defendants refer us, do not support such contentions in the instant case. Those citations are: *Americus P. & L. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105); *Macon, D. & S. R. Co.* v. *Moore,* 99 *Ga.* 229 (3) (25 S. E. 460); *Southern Ry. Co.* v. *Watson,* 104 *Ga.* 243 (30 S. E. 818); *Western & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, 54 L.R.A. 802); *Savannah F. & W. Ry. Co.* v. *Hatcher,* 118 *Ga.* 273 (45 S. E. 239); *Columbus R. Co.* v. *Peddy,* 120 *Ga.* 589 (48 S. E. 149); *Macon Ry. & Light Co.* v. *Streyer,* 123 *Ga.* 279 (51 S. E. 342); *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (58 S. E. 180).

In this connection we call attention to certain cases cited by counsel for the plaintiff as follows: *Macon & B. R. Co.* v. *Anderson,* 121 *Ga.* 666 (49 S. E. 791); *Savannah F. & W. Ry. Co.* v. *Stewart,* 71 *Ga.* 427; *Central of Georgia Ry. Co.* v. *Brown,* 138 *Ga.* 107 (74 S. E. 839); *W. & A. R. Co.* v. *Davis,* 139 *Ga.* 493 (77 S. E. 576). The last four cases above cited support the court's charge, and the overruling of this ground of the motion for new trial was not error.

Special ground 7. It is contended that the court erred in charging this excerpt: "I charge you, gentlemen, that negligence means the absence of or the failure to exercise the degree of care prescribed by the law to be exercised. I charge you that the plaintiff must have been in the exercise of ordinary care, and the meaning or definition of ordinary care, as applied to her, is just that care which every prudent man would exercise under the same or similar circumstances."

There is no contention that this is not a correct principle of law. The only assignment of error is that the court did not charge an additional principle of law. The defendants cite no authority to support this contention. See, in this connection, *Griffin* v. *State,* 183 *Ga.* 775 (190 S. E. 2); *Ivey* v. *Hall,* 77 *Ga. App.* 350 (48 S. E. 2d 788); *Belvin* v. *Beard,* 77 *Ga. App.* 681 (49 S. E. 2d 546). In addition this assignment of error is not meritorious when we view the charge of the court as a whole.

■ Special ground 8 complains because the court charged as follows: "Gentlemen, if you find in favor of the plaintiff under the law which the court has given you, I charge you that the plaintiff would be entitled to recover such amount that would fairly compensate her for physical and mental pain and suffering, if any, endured by her by reason of the injury, and having in view adequate compensation to the plaintiff for that pain and suffering and also fairness to the defendants, the measure of such damages, if any, would be the enlightened consciences of impartial jurors. Elements of damage, when there is physical damage, are suffering physical and mental pain, past and future; injury to health and other physical conditions.

"The plaintiff in this case, gentlemen of the jury, says that she has suffered pain. There is no standard approved by which this can be measured, except the enlightened consciences of impartial jurors. You would look to the evidence and see what sort of pain she suffered, if any, whether it was harsh, severe or mild or what; then you would determine how long it lasted, whether it has ceased, or whether it will continue in the future, and then desiring to be fair to both parties, you would give her such sum as you think would be fair compensation for the injury she received, such sum would meet with your enlightened consciences."

We disagree with the contentions of the defendants in this ground for the reason that the petition, which we have quoted hereinbefore, does allege such pain and suffering and the evidence sustains that allegation. While the principle of law argued in this special ground is correct as set forth in *Berry* v. *Jowers,* 59 *Ga. App.* 24 (5) (200 S. E. 195), it does not fit the allegations of the petition or the evidence in support thereof. No error is shown by this special ground.

■ Special ground 9 complains because the court refused to charge the following excerpt as requested in writing: "I charge you that under the facts of this case the plaintiff may not recover from the defendants unless there has been some violation of a duty owed to plaintiff and I charge you that there would be no violation of any duty unless you find that plaintiff was an invitee, that is to say that said street was a public street of the City of Decatur and not merely a private pathway which was used by the public from time to time."

In our opinion this request is not a full and accurate statement of the law under the evidence and the charge of the court as a whole. The charge as a whole covered the portion of the request which is sound law, and was based on our decision when this case was before this court previously. See 81 *Ga. App.* 269. There is no reversible error in this special ground.

Special ground 10 complains because the court refused to give the following written request to charge: "I charge you that the mere fact that a pathway has been used by the public for as long as twenty years or longer without objection is not sufficient without more to make a user thereof an invitee and no duty would be owed by the owner (in this case the railroad companies) to keep the premises in good order for members of the public using it."

Under the facts of this case, viewed from the standpoint of the charge of the court as a whole, this request to charge is without merit.

Special ground 11 complains of the failure of the court to charge as follows: "I charge you that before the plaintiff in this case may show any right to recover at all she must first show that the defendants had a duty to keep the pathway across the tracks where she fell (if you find she did fall) in good order and in this connection I charge you that before any duty would arise to keep said pathway in good order the pathway must have been established as a public road or private way pursuant to law. There are several ways that a public road or private way may be established pursuant to law but I charge you that under the facts of this case you are not concerned with any method except that of dedication and it is for you to decide whether under the facts proven and the law given you in charge there has been in fact a dedication of such pathway as a public road of the City of Decatur there being no facts shown which would justify a finding that a private way had been established. In other words, under the facts of this case you would be authorized to find that the defendants owed a duty to keep said pathway in good order in the event that you find that said pathway had been dedicated as a public road and only in that event." The court charged substantially the law as set out therein and the error assigned in this special ground is without merit.

■ Special ground 12 complains because the court erred in refusing to give the following written request to charge: "I charge you that a dedication to a public use is not complete until two things appear: (1) An intention on the part of the owner to dedicate his property to public use, and (2) An acceptance on the part of the public of the property for such use.

"In this connection I charge you that the intention to dedicate need not be shown by an express declaration to that effect. Such intention may be inferred from an acquiescence by the owner in the use of his property by the public. But the use must be of such character as to clearly indicate that the public has accepted the dedication of the property to the public use. The acceptance need not be express, but if the way be used by the public and worked or treated by the public authorities as a part of a system of public highways in the place where the way is claimed and this is continued for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment, the dedication to the public use is complete as against the owner of the fee. *However the acts relied on to establish the dedication must be such as to clearly indicate a purpose on the part of the owner to abandon his personal dominion over the property and to devote the same to a definite public use.__* The mere use of one's property by a small portion of the public even for an extended period of time will not amount to a dedication of the property to a public use unless it clearly appears that there was an intention to dedicate and that this dedication was accepted by the public authorities either in express terms or by implication resulting from the maintenance of a way as public in its nature." (Italics ours.) It is admitted that the court did in the general charge give most of the language contained in this request, but it is contended that the court left out the kernel of the whole case, meaning the language contained in the decision of this court when the case was here before. The portion which the court did not charge, and on which failure to charge the defendants assign error, is in italics above. It is elementary that the court need not charge a written request in the exact language in which the request is couched, if the principle of law requested is substantially covered by the whole charge of the court. When we read the whole charge

as applied to the evidence in this case, no reversible error is shown in this special ground.

Special ground 13 complains because the court erred in refusing to give the following request to charge: "I charge you that under the facts of this case there has been no express intention to dedicate shown and it would be for you to say whether there has been an implied dedication by the defendants of such property to a public use. In this connection I charge you that intention to dedicate may be inferred from acquiescence by the owner in the use of his land by the public but the use must be of such character as to clearly indicate that the public accepted the dedication to the public use. In this connection I charge you that such acceptance by the public would have to be shown either by express acceptance such as by city ordinance or by implied acceptance by the maintenance of such property as public by the public authorities of the City of Decatur." What we have said with reference to special ground 12 is applicable here. This special ground is without merit.

Special ground 14 complains because the court erred in refusing to give the following request to charge: "I charge you that plaintiff alleges in her petition that the pathway has been accepted and recognized as a road and way by the municipal authorities of the City of Decatur and these public authorities have worked on said crossing, keeping same passable and improving same. I charge you that the burden of proof is on the plaintiff to prove these allegations by a preponderance of the evidence as explained elsewhere in this charge and if plaintiff has failed to prove such allegations or if you find from the evidence that the municipal authorities of the City of Decatur, that is to say the officials in charge thereof, did not accept said path as a public street and did not work on it to keep it passable and did not improve it for use as a public street or way, then in that event the plaintiff would not be entitled to recover and it would be your duty to find for the defendants." This assignment of error is argumentative and is without merit for the reasons expressed in our discussion of special ground 12 hereinbefore.

Special ground 15 complains because the court refused to give the following request to charge: "I charge you that when you come to consider the question as to whether there has been

any acceptance by the City of Decatur of the dedication of the pathway in question (if you find there was such a dedication) I charge you that in order for you to find that there has been an implied acceptance by the City of Decatur you must conclude from the evidence that the public authorities of the City of Decatur have maintained said pathway or worked it as a public street or way (or by similar acts treated it as a public street or way) and unless you find from the evidence that the public authorities of the City of Decatur have maintained or worked said pathway then there would be no acceptance of said path as a public street or way and there would be no duty in such instance of the defendants to keep said path in good order, with the consequence it would be your duty in such case to find a verdict for the defendants." The request here was sufficiently covered by the general charge and this ground is without merit.

Special ground 16 complains because the court refused to give the following request to charge: "If you find from the evidence that the condition of the premises was of such a character that it could have been created without fault or negligence on the part of defendants, that is to say it could have been created by outside persons or by water action, then under such circumstances it would be incumbent on plaintiff to show that the defendants had knowledge of the condition or that the condition had existed for such a length of time that knowledge thereof would be presumed."

The exceptions to this charge are, first, that the request was not substantially covered by the general charge, and second: "Movants aver that the particular matter in issue to which the written request was particularly adjusted was as to the duty owed by an occupier of premises for temporary conditions which could have been caused by persons or conditions not under the control of such occupier of premises. In the instant case plaintiff did not show any defective condition resulting in wear or tear or failure to maintain a pavement free of holes or things of such sort.

"The evidence showed that the plaintiff stepped on a 'rolling stone', and she did not know from whence it came. The evidence also showed that this crossing was near a ditch and that stones were carried by water from time to time over the crossing.

Since the crossing was one made of ballast the rock could have been displaced by some person wholly unconnected with the railroad company.

"Movants contend that the charge was particularly adjusted to this feature of the case which was not dealt with at all by the court and that the refusal to so charge was prejudicial and harmful to movants and deprived movants of one of their basic defenses to the case, to wit: that the mere fact a stone was in the pathway and this may have caused plaintiff to fall was not in and of itself sufficient to show negligence on the part of the defendants in the absence of proof that the defendants themselves placed the stone there or that the stone had been there such a length of time that they should have had constructive knowledge of the existence of the stone and removed it."

In support of this assignment of error, the defendants cite two decisions in the brief: *Central of Georgia Ry. Co.* v. *Keating, supra,* and *Boney* v. *City of Dublin,* 145 *Ga.* 339 (89 S. E. 197). In the first place, we do not think that this assignment of error is complete within itself because the court would be required to search through the entire brief of evidence to locate that evidence upon which the defendants rely. In the second place, it is argumentative. In the third place, the evidence in the decisions upon which the defendants rely is negative. In the instant case the evidence is positive. Of course there is no evidence here to show "any defective condition resulting in wear or tear or failure to maintain a pavement free of holes, or things of such sort."

The gist of the whole situation is that for almost 30 years the defendants did not put any pavement or any safe material or safe method on the passageway or crossing. The evidence as a whole shows that during this long period of time they did nothing except put ballast or rocks between the crossties on the passageway or crossing. As to knowledge of this condition at this particular point, the evidence reveals that the section foreman or the supervisor of the section foreman traversed this particular portion of the railroad tracks over the passageway or crossing almost daily. There is no evidence that the condition of the crossing which caused the plaintiff to fall was caused or could have been caused by weather or water or any outside action by any outside person. The rocks were in the passageway and were part of the

ballast placed there by the defendants. The facts in *Central of Ga. Ry. Co.* v. *Keating,* supra, are altogether different from the facts in the instant case. There was positive evidence in the *Keating* case that someone had done some raking at the approach to the bridge. There is no such evidence here. The evidence in the instant case reveals the lack of raking or any other act. In *Boney* v. *City of Dublin,* supra, the evidence shows that there was an isolated instance of a banana peeling being left on the street for twenty-four to forty-eight hours. In the instant case, the ballast rocks had been placed there by the defendants for over twenty-four years, with the section foreman and the supervisor of the section foreman seeing and having knowledge of the condition.

A request to charge must be entirely correct, adjusted to the pleadings, adjusted to the law, adjusted to the evidence, and must not be argumentative. See *N. Y. Life Ins. Co.* v. *Thompson,* 50 *Ga. App.* 413 (178 S. E. 389); *Mandell* v. *Fulcher,* 86 *Ga.* 166 (4) (12 S. E. 469). The assignments of error contained in this special ground are without merit.

The court did not err in overruling the amended motion for a new trial, as we see it, from any viewpoint.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

### ON MOTION FOR REHEARING.

Counsel contends on the motion for rehearing that this court does not deal with the case of *City of Atlanta* v. *Georgia R. & Bkg. Co.,* 148 *Ga.* 635 (98 S. E. 83). We did not deal with the case by citing it for the reason that counsel stated in their argument that this court in its decision when this case was here before (81 *Ga. App.* 269) was evidently following *City of Atlanta* v. *Georgia R. & Bkg. Co.,* supra. We thought then and still think that this statement of counsel is true. We might state here, however, that the facts in *City of Atlanta* v. *Georgia R. & Bkg. Co.,* supra, are so different that is has no application to the facts in the instant case. In that case the City of Atlanta, it seems, desired to cross what might be termed a railroad yard where trains were constantly moving freight over several tracks and side tracks and, under the facts of that case, the City of Atlanta could not have possibly acquired a right-of-way by implication and to permit the City of Atlanta to carry out its de-

sire to have reduced railroad traffic, in which the public was interested, by approximately one-fourth of the volume, and further to require the railroad companies to comply with the requirements sought by the City of Atlanta and entail upon the railroad an expenditure of several hundred thousand dollars. We could not have anticipated, in writing the opinion in the instant case, that counsel for the defendant here would contend that the facts in that case were similar to the facts in the instant case. From a casual reading of the cases cited in the majority opinion in *City of Atlanta* v. *Georgia R. & Bkg. Co.*, cited by Justices Atkinson and George in their dissent, there could be drawn no similarity as to the facts in that case and the facts of the instant case. The principle of law is the same, of course, but the facts are entirely different. It must be kept in mind that when this case was here before (81 *Ga. App.* 269, 273), this court said: "The intention to dedicate need not be shown by an express declaration to that effect. Such intention may be inferred from an acquiescence by the owner in the use of his property by the public. But the use must be of such a character as to clearly indicate that the public has accepted the dedication of the property to the public use. The acceptance need not be express, but if the way be used by the public and *worked or treated* by the public authorities. . ." (Italics ours.) That is the law of this case and the evidence clearly supports the proposition that the railroads have for over twenty years acquiesced in school children as well as adults using this passageway across only *two* lines of tracks, without any interference of the use of the tracks by the railroad as a public carrier. To our way of interpretation of the evidence, the public authorities of the City of Decatur *worked and treated* this passageway across the railroad tracks, thus accepting the implied dedication on the part of the railroad company. In this connection it might be well to reiterate that during this long period of time the railroad company erected no barricades and gave no one warnings against such use by the public.

*Motion for rehearing denied. Townsend and Carlisle, JJ., concur.*